## WISWALL *vs.* STEWART & EASTON.

[BILL IN EQUITY TO ESTABLISH RESULTING TRUST IN LANDS.]

1. *Purchase by trustee enures to cestui que trust.*—If a trustee buys in claims or titles adverse to the trust estate, the benefit of the purchase enures to the *cestui que trust*, on his election expressed within a reasonable time.
2. *Laches in election bars cestui que trust.*—If the *cestui que trust.* when informed of the trustees' purchase of an outstanding disputed claim, declines to consider

the purchase as made on his account, and engages in a protracted litigation with them for the establishment of their legal title under the purchase, he cannot come into equity after the lapse of nearly six years from the purchase, after the action at law has been decided in favor of the trustees, and when the value of the lands has greatly increased, and have the purchase held to have been made for his benefit.

APPEAL from the Chancery Court at Mobile.
Heard before the Hon. WADE KEYES.

THIS bill was filed by Joseph Wiswall, the appellant, against Stewart & Easton, late partners in the practice of the law, and sought to have the defendants declared trustees for his benefit of the legal title to a certain tract of land. The tract of land in controversy, prior to the 6th November, 1835, belonged to Joshua Kennedy, who on that day covenanted to sell it to one James L. Seabury, at the price of $3,000, payable in three annual installments, and executed to him a bond for titles. Under this contract, Seabury went into the possession of the land, built a new saw-mill on it, and carried on the business of making lumber. In May, 1838, Seabury conveyed this land by deed of trust to Wm. C. Easton, one of the firm of Stewart & Easton, as trustee for Wiswall, to secure a debt of near $10,000 ; the deed containing a power of sale, and being prepared by said Stewart & Easton as attorneys of both parties. Joshua Kennedy died in the fall of 1838, or soon afterwards, never having made title to said Seabury, but leaving a will which was duly admitted to probate, and which empowered his executors to sell and convey his real estate. In 1842, Seabury applied for the benefit of the bankrupt act, and obtained his certificate of discharge on the 2d May, 1843. His interest in the premises mortgaged to Easton, as trustee for Wiswall, was included in his schedule of assets ; but the assignee in bankruptcy abandoned it, because he deemed the amount of the mortgage debt greater than the value of the land. On the 21st June, 1847, Stewart & Easton obtained a conveyance of the land from the executors of Kennedy, in payment of professional fees due to them from said executors and their testator. The deed of trust

from Seabury to Easton, as trustee for Wiswall, never was foreclosed; but, on the 6th July, 1850, Seabury released his equity of redemption in the premises to Wiswall. Stewart & Easton, after their purchase from the executors of Kennedy, brought an action of ejectment for the lands against Seabury, who was still in possession. They recovered a judgment in the court below, which was affirmed on error by this court, at its January term, 1853. See 22 Ala. 207. The bill in this case was filed on the 29th March, 1853. The opinion of the court renders it unnecessary to notice any of the other facts of the case.

The chancellor dismissed the bill, on final hearing, and his decree is now assigned as error.

K. B. SEWALL, for appellant.

GEORGE N. STEWART, contra.

WALKER, J.—It is unquestionably the law, that cestui que trust has the option to take the benefit of any purchase which the trustee may make, of claims or titles adverse to the trust estate, upon reimbursing the trustee to the extent of his outlay; but it is equally certain, that the cestui que trust must signify his election to affirm the purchase of the trustee, and take the benefit of it, within a reasonable time.—White & Tudor's Leading Cas. in Equity, (63 Law Library,) top pages 53, 54, 55, 56, notes to Keech v. Sanford; Scott v. Freeland, 7 S. & M. 409; Hawley v. Cramer, 4 Cowen, 716; Willard's Equity, 180; Hill on Trustees, 536, 382; Davone v. Fanning, 2 John. Ch. R. 252; Jackson v. Walsh, 14 Johns. R. 407; Charles v. Dubose, 29 Ala. 367.

Whether or not the election of the cestui que trust has been seasonably expressed, is not determined by any fixed rule, but depends upon the circumstances of the case. It becomes necessary, therefore, for us to look into the circumstances of this case, to ascertain whether the election of the complainant to take the benefit of the purchase made by the defendants was seasonably expressed. The purchase of defendants was made nearly six years before the bill was filed, which was the first intimation by the

complainant, so far as we are advised, of an intention or wish to treat the purchase as made for his benefit. The complainant knew of the purchase, either at the time it was made, or within a 'short time thereafter. He had reason to believe that the defendants purchased with a view to let him have the land in payment of debts due him. After the purchase, the complainant repudiated it, as one to which he would not consent. At the time of the purchase, the land was held by one Seabury, who had conveyed to a trustee for the benefit of the complainant, by deed of trust for the security of a debt, and who held under some arrangement with the complainant, whereby the latter forbore to foreclose his deed of trust. Seabury denied the title acquired by the purchase of the defendants, who instituted an action of ejectment, of which it is inferrible the complainant was cognizant, and which continued for several years. Pending the action of ejectment, Seabury conveyed to the complainant his entire interest in the land. In the action of ejectment, a judgment was rendered for the defendants, from which a writ of error to this court was sued out. In this court, the judgment of the circuit court in the action of ejectment was affirmed. After the affirmance of that judgment, for the first time the complainant, by filing the bill in this case, claimed that the purchase by defendants should be treated as one made for his benefit. When the defendants bought, they gave certainly the full value of the land, and more than the complainant had offered, or was willing to give. The land afterwards continued to deteriorate, and its value depreciated for some time; but the bill and testimony authorize the conclusion, that its value increased before the commencement of this suit.

Under these circumstances, shall we hold that the complainant has, within a reasonable time, signified his election to take the benefit of the purchase made by the defendants? Shall the complainant repudiate the purchase at first, when the land is of but little value, and when the title is disputed; permit the defendants to pay for the same, and lie out of the use of their money for nearly six years; dispute the title derived by them, and permit it

to be controverted in the name of another, really for his benefit, in a long litigation, in the circuit and supreme courts; and, after the title is established, and the land has probably become valuable, come in at the expiration of a period of near six years, and claim for the first time that he affirms the sale and claims the benefit of it? There is neither authority, reason, nor moral right, for permitting him to do so. The defendants in this case have been guilty of no fraud. Conceding to the complainant every other point which he claims, the justice, right, and law of this case are against him upon the point we have considered; and, therefore, without considering any other question, we affirm the decree of the court below.