## RENEW *vs.* BUTLER.

A. conveys land to B., his brother-in-law, in trust for the separate use of his wife and children. B. and his family move off, leaving, A. to manage the property, who, instead of renting it out, cultivates it himself accounting to the *cestui que trust* annually for the rent. The land is sold under a small *fi. fa.* against B. for a sum less than one year's value, and bid off to A. to whom the title is made : *Held*, That occupying the fiduciary relation which he did, and having full knowledge of the title, he cannot hold the land, but will be compelled to re-convey to the *cestui que trust*, upon being refunded the purchase-money paid at sheriff's sale, and paid his commissions for the management of the property.

In Equity from Sumter Superior Court. Tried before Judge ALLEN, April Adjourned Term, 1859.

James Butler, as trustee for his wife, Mary Butler, filed his bill in equity against Timothy Renew, for discovery and account.

He alleges, that in the year 1836, he and his wife being in possession of a certain parcel of land in said county, the defendant, Renew, the brother of said Mary Butler, executed to him in trust for his wife during her life, remainder to her children at her death, a deed of gift for the said parcel of land, and which was duly recorded ; that although the deed was in form a gift, yet the said Renew received from complainant a full valuable consideration therefor.

It is further alleged, that the said complainant and wife being about to remove to Baker county, deposited said deed of gift with said Renew, and put him in possession of said land as their agent to take care of, rent out, etc., for them ; that there were some thirty acres of the land then in a high state of cultivation ; there were good improvements on the place, and the whole were worth $500 00.

The bill charges, that said Renew failed to account for the rents, issues and profits thereof, and denies title in complainant, and prays for a discovery and account concerning his actings and doings in the premises.

The answer of defendant admitted the facts stated in the bill in relation to the deed of gift, and the moving of complainants to Baker county ; also, that defendant had been

requested to rent out the land for complainants, and that he had done so and accounted to said Butler for said rent. He denies that he was appointed as complainant's agent to look after the said land; admits the premises to have been worth some three or four hundred dollars.

It is further stated, that in 1843, the premises were levied on by virtue of a *fi. fa.* against James Butler, when the latter tried to get him, defendant, to claim the same as his own property, which defendant refused to do—the same being in fact the property of said James Butler, he having paid for it with his own means; that afterwards the land was sold by the sheriff at public sale and was bid off by William Mims, to whom the sheriff executed a deed therefor, and that he, defendant, afterwards, in the same year, in good faith purchased the same from said Mims, receiving a deed therefor, under which he has claimed the land ever since in his own right; that said James Butler had notice thereof, made no objection, and ceased thereafter to claim or receive rent. Defendant did say, on several occasions, that he had purchased the land with the view of letting Mrs. Butler, who was his sister, have it back, as an act of brotherly kindness and favor, and would have done so if application for it had been made in a reasonable time.

On the trial, the complainant made proof of the value of the land and improvements, which corresponded with the statements in the bill; also, that the cleared part of the land, being in 1843 some fifteen or twenty acres, was worth about $125 00 per acre.

Complainant here rested his case—the deed of gift having been previously put in evidence.

The defendant then read in evidence the deed from the sheriff to William Mims, dated 4th day of April, 1843, duly recorded; also, the deed from Mims to defendant, Renew, dated 31st day of October, 1843, recorded in 1834.

Defendant then introduced Green M. Wheeler, who testified: That he levied on and sold said land to William Mims, as sheriff, as stated in the answer of defendant; that Mims bid off the land at $25 00, and not $75 00, as erroneously stated in the deed to Mims; that at the time he executed said deed he heard Mims say, he, Mims, could make a speculation off the land, but would not, as he had promised defendant, Renew, to let him have the place, or that he would buy

it for him; defendant was not then present; Mims also told witness at the sale, he had bid off the property for defendant, which was after the sale.

Defendant also introduced William Thomas, who testified : That complainant and wife came to defendant's house after their removal, and received the rent of the premises; that complainants never came or applied for the rent of said land after said sheriff sale, that he knew of; complainants moved from Baker county out of the State in 1855-6 or '7, not certain when; that James Butler came regularly every year till Christmas, 1843, and received the rents, but did not come after that year; did not know of Renew giving any notice to Butler and wife of his claiming the property after the sale.

The jury found for complainants the premises in dispute and $200 00 mesne profits.

Thereupon, the defendant moved for a new trial on a number of grounds. The Court overruled the motion, and counsel for defendant excepted.

The only ground considered by this Court was the one, that the verdict was contrary to law and evidence—the other grounds not being properly certified.

A. R. BROWN, WARREN & WARREN, for the plaintiff in error.

McCAY & HAWKINS, contra.

By the Court.—LUMPKIN, J., delivering the opinion.

In 1836, Timothy Renew executed to James Butler, as trustee for his wife, Mary Butler, the sister of Renew, and her children, a deed to a tract of land in Sumter county.

Some time thereafter, Butler and wife removed to Baker county, and Renew acted as agent in the management of the land. Instead of renting it out, he cultivated it himself, accounting to them annually for the rent. In 1843, the land was sold under a small $fi. fa.$ against Butler—the date of the judgment is not shown—the probability is, that it was younger than the deed of trust—how much younger does not appear. One Mims bought in the land for Renew, took a sheriff's deed, and gave a quit-claim deed to Renew.

Renew *vs.* Butler.

This bill is filed by Butler and wife against Renew, offering to refund the money paid by him, and praying for a decree for the land and an account for the rents.

The jury rendered a decree in conformity with the prayer of the bill, deducting from the rents the purchase-money, and the commissions due Renew as trustee for his management of the property. A motion was made for a new trial and refused by the Court, and it is to reverse this decision that this writ of error is brought.

It is insisted by Renew in his answer, that Butler and wife knew that the land was levied on, and that failing to take any steps to prevent the sale, he, as purchaser, should be protected; especially after the lapse of time which has occurred in this case.

How it might be between a stranger and the complainants, it is needless to enquire. Mr. Renew does not occupy that position. The mere fact of his buying the land through Mims and taking a deed from Mims is not such a repudiation of the trust as will entitle him to the benefit of the defense resulting from the lapse of time. Besides, he bought with full knowledge of the nature of the estate, and instead of knowing, as he says he did, that the property was liable for the debts of Butler, he knew that the contrary was true.

For, by the deed which he himself executed, the land was conveyed to Butler to hold as the separate estate of his wife and children, and was not chargeable with Butler's debts. He, by his own deed, thus passed the title, and occupying the fiduciary relation which he did to his sister, and her children, it would be most inequitable to allow him to benefit by this purchase.

We do not feel called upon, then, to reverse the judgment of the Circuit Judge, which is in accordance with justice and good faith.