102    45
107    651

ALBERT H. PETRIE v. JOSEPH BADENOCH, JR., AND JOHN TORRENT.

[See 88 Mich. 43;  90 Id. 265; 95 Id. 439; 98 Id. 130;  100 Id. 117.]

*Trust—Accounting—Parties—Res judicata—Equity jurisdiction.*

Pending a suit against a trustee for an accounting, the trustee purchased at a discount a note given by the *cestui que trust* after the commencement of the suit, and placed it in the hands of a third person, who sued the *cestui que trust* thereon, and garnished the trustee, and recovered judgment for the face of the note, and interest. The *cestui que trust* filed a bill against the plaintiff and the trustee to have the note and judgment declared to be the property of the trustee, and compel him to satisfy the same out of the trust fund in his hands, at what he paid for the note, with interest. The defendants demurred generally to the bill. And, in affirming a decree overruling the demurrer, it is held:

   *a*—That the general rule that a trustee cannot buy up a debt or an incumbrance for which the trust estate is liable for less than is actually due thereon, and make a profit to himself, but that such purchase inures for the benefit of the *cestui que trust*, is applicable to this case.

   *b*—That the questions involved in this suit cannot be disposed of in the suit for an accounting, as the plaintiff in the suit upon the note is a necessary party in a proceeding to obtain the relief here prayed.

   *c*—That the matters involved, to wit, the conduct of the trustee, and his dealings with the trust estate and in his relation as

trustee, are peculiarly within the jurisdiction of a court of equity, and were not determined by the suit upon the note.

Appeal from Muskegon. (Russell, J.) Argued June 23, 1894. Decided September 25, 1894.

Bill to compel a trustee to satisfy a judgment rendered on a note of the *cestui que trust* which the trustee purchased at a discount, and caused to be sued in the name of a third person, from the trust estate, at the sum paid for the note, and interest. Defendants appeal from an order overruling a general demurrer. Affirmed. The facts are stated in the opinion.

*Bunker & Carpenter,* for complainant.

*Sessions & Bassett,* for defendants.

McGRATH, C. J. This is a branch of the Petrie-Torrent litigation. 88 Mich. 43, 100 Id. 117.

Complainant's bill alleges that on October 4, 1890, Petrie gave to one Marshall, of Chicago, his note for $2,450; that about January 15, 1892, Torrent purchased the note from the payee through one Meglade, of Chicago, for $1,375; that Torrent then put the note in the hands of defendant Badenoch, in order that judgment might be had for the full value of the note; that Badenoch brought suit on the note, and garnished Torrent; that on January 19, 1893, Badenoch recovered judgment on the note in the circuit court for the county of Muskegon for $2,843.02; that Badenoch was not the owner of the note at the time suit thereon was brought, is not now the owner thereof, nor is he the owner of the judgment thereon, or any part thereof; that, at the time of the purchase of said note, Torrent was, and ever since has been, complainant's trustee, and at the time of the purchase of the note said Torrent had in his hands, as such trustee, upwards of

$85,000 of complainant's money; that the defendant Torrent purchased said note, and caused suit to be brought thereon in the name of Badenoch, for the purpose of taking an unfair, unauthorized, inequitable, and fraudulent advantage of Petrie, and of making a profit out of his fiduciary relation by buying said note at a discount, and by seeking by indirect means, fully set forth in the bill of complaint, to enforce a claim against Petrie, not at what he paid for said claim, but at the face value of the note; and that the defendant Badenoch was the plaintiff in said cause for no other purpose, and that said suit was prosecuted for no other purpose, than to give, by said indirect means, to the defendant Torrent, an unfair, unauthorized, inequitable, and fraudulent advantage of Petrie. The bill further alleges Petrie's willingness to pay to Torrent, and to allow in the accounting, whatever Torrent paid for the note, together with interest thereon from the time of its purchase.

Complainant prays that said note and judgment may be declared to be the property of Torrent, and that the bringing of said suit and the obtaining of judgment therein may be declared and decreed to be in fraud of the rights of the complainant, and that the defendant Torrent may be compelled to satisfy said note and judgment out of the moneys in his hands belonging to complainant, at what he paid for said note, together with interest thereon from the time of said payment, and that all proceedings in the suit at law and in the garnishment suit be permanently stayed. The bill filed by complainant against Torrent in the case reported as aforesaid, and the decree therein, are referred to and made a part of the bill in the present case.

Defendants demurred to the bill, the demurrers were overruled, and defendants appeal.

It is well settled that a trustee cannot use the trust property, nor his relation to it, for his own personal

advantage. He cannot buy up a debt or an incumbrance for which the trust estate is liable for less than is actually due thereon, and make a profit to himself, but such purchase inures for the benefit of the trust estate, and the *cestui que trust* shall have all the advantage of such purchase. Perry, Trusts, § 428; Lewin, Trusts, 276. He should take no advantage of his position to receive personal gain from the trust property, his duty being to protect it, and that, too, without having an adverse interest. *Parshall's Appeal,* 65 Penn. St. 233; *Sloo v. Law,* 3 Blatchf. 459. He cannot buy up debts against or incumbrances upon the estate at a discount, without accounting to the estate, or the party having the beneficial interest therein, for the full benefit. *King v. Cushman,* 41 Ill. 31; *Slade v. Van Vechten,* 11 Paige, 21; *Schoonmaker v. Van Wyck,* 31 Barb. 457; *Barksdale v. Finney,* 14 Grat. 338.

While conceding the rule, counsel for defendants would make its applicability depend upon the extent of the trust. It is, however, the particular estate which is held in trust that is here sought to be affected. The note was purchased and placed in the hands of a third person in order to reach by garnishment the money or estate held in trust, and offset the amount against a claim therefor. Is it not evident that the very relation which the rule says shall not be used for personal advantage inspired the purchase? The rule is based upon the obligation resting upon the trustee to protect the trust estate, and the possibility of adverse or conflicting interest. The only note in question was given pending a controversy, not yet ended, over this very trust fund, in which it is strenuously urged that large sums of money are being wrongfully withheld. It is by no means clear but that in such case the purchase should be treated as having been made with the trust funds. Procrastination may be made profitable if the obli-

gations of the *cestui que trust,* the issue of which may have been made necessary by the very delay or withholding, may be purchased at a large discount, and then offset at their face value against the sum due.

It is urged, however, that the question may be disposed of in the principal suit upon the accounting; but defendant Badenoch is a necessary party in a proceeding to obtain the relief here prayed.

It is also insisted that the matter involved in this suit has been determined by the suit at law, and is *res judicata;* but the defense here sought to be established was not available in the suit at law. The matters involved, to wit, the conduct of the trustee, and his dealings with the trust estate and in his relation as trustee, are peculiarly within the jurisdiction of a court of equity.

The decree overruling the demurrers is affirmed, with costs to complainant.

LONG, GRANT, and HOOKER, JJ., concurred. MONTGOMERY, J., did not sit.