MAE STEWART JUNGBLUTH, *Appellant*, vs. AMERICAN BANK & TRUST COMPANY, a banking corporation, and GUY B. SHEPARD, as liquidator of said bank, and GENERAL SANITARIUMS, INC., *Appellees*.

En Banc.

Opinion filed April 22, 1931.

Petition for rehearing denied May 16, 1931.

*Carey & Askew,* and *J. Carl Lambdin,* for Appellant;
*S. Henry Harris* and *H. W. Holland,* for Appellees.

TERRELL, J.—Appellant as complainant below brought suit against appellees to have Guy B. Shepard, as liquidator of the American Bank and Trust Company, and trustee for a special or particular trust, relieved as such trustee and to have a substitute trustee appointed in his place. A demurrer to the bill was overruled, answer was filed, testimony was taken, and on final hearing, the relief sought was denied and the bill of complaint dismissed.

The primary question pressed for our determination is whether or not Guy B. Shepard has been guilty of such negligence and bad faith as to warrant his removal as trustee for said special or particular trust.

Guy B. Shepard became trustee for the special trust brought in question by virtue of his appointment as liqui-

dator of the American Bank and Trust Company as authorized by Section 4162 Revised General Statutes of 1920 (Section 6102 Compiled General Laws of 1927) as amended by Chapter 13576 Acts of 1929. In Knott vs. Morris decided March 28, 1931, this Court held that it was competent for a court of equity on proper showing made to appoint a successor or substitute trustee for any special or particular trust and when appointed all books, records, funds, or securities in the hands of his predecessor trustee or deposited with the State Treasurer in trust for such particular trust should be turned over to him.

In a well rendered opinion, the Chancellor below followed the requirement of the Federal equity practice and set out his finding of fact. Such a finding, though not required by our practice, if made and supported by the evidence, will not be reversed merely on conflicting testimony. Commercial Bank of Ocala vs. First National Bank of Gainesville, 80 Fla. 685, 87 So. 315.

The bill alleges that Shepard should be relieved as trustee because he was negligent generally and in that the bank purchased a tax certificate against the property forming the subject-matter of the trust for which it and Shepard were trustees and then he permitted said property to sell for taxes. The bill also charges that both the bank and the liquidator neglected and failed to take such steps as were necessary to protect the beneficiaries of the trust.

We have examined the record and find no reason whatever to reverse the Chancellor. The charges of negligence were not sustained and no reason was disclosed for the appointment of a successor trustee. We understand the rule to be that the aid of a court of equity may at any time be invoked in the interest of a particular trust when the subject-matter thereof is put in jeopardy or when other

good cause is shown. Gary vs. Kissimmee River Cattle Co., 85 Fla. 268, 95 So. 657.

The fact that the bank acquired a tax certificate to the subject-matter of the trust does not place the bank or the liquidator in an antagonistic or adverse attitude toward it as in the absence of any showing to the contrary the law presumes that the certificate was purchased for the protection of the trust and will inure to it. There is not even a suspicion that the certificate was purchased to acquire a personal interest in the trust property. In fact on the whole record it is shown to be in a precarious condition. No rule of law is better settled than that a trustee cannot use trust property or his relation to it for his personal advantage. Wiswall vs. Stewart, 32 Ala. 433; Roberts vs. Mosely, 64 Mo. 507; Brittin vs. Handy, 20 Ark. 381, Petrie vs. Badenoch, 102 Mich. 45, 60 N. W. Rep. 449, 47 A. S. R. 503; Renew vs. Butler, 30 Ga. 954, 39 Cyc. 298; Perry on Trusts (6th Ed.) Vol. 1, 433.

The decree of the Chancellor is affirmed.

Affirmed.

BUFORD, C.J., AND WHITFIELD, ELLIS, BROWN AND DAVIS, J.J., concur.