ZARY CRAWFORD v. E. L. CRAWFORD.

176 So. 838.
Division A.
Opinion Filed October 28, 1937.
Rehearing Denied November 27, 1937.

*Knight & Knight,* for Appellant;

*E. K. Perryman,* for Appellee.

BUFORD, J.—The appeal brings for review order denying motion to dismiss bill of complaint.

The bill of complaint sought an accounting between the parties and partition of certain lands. The lands involved were the subject of a partition suit theretofore instituted wherein Joseph E. Wilson as Liquidator of the Bradford County Bank was complainant and Zary Crawford and others were defendants. After order of partition had been made in that suit an agreement was entered into in the following language:

"THIS AGREEMENT, Made and entered into this March 21st, A. D. 1932, by and between E. L. CRAWFORD, hereinafter called 'Trustee,' and OLLIE LEWIS, joined by her husband, Jeff Lewis, Ara Wiles, joined by her husband, Owen Wiles, CHLORIE BAXLEY, joined by her husband, C. K. Baxley, SNADA CRAWFORD, single, BELLA CRAWFORD, single, MILTON CRAWFORD, single, ODOM CRAWFORD, single, SPENCER CRAWFORD, single, T. C. CRAWFORD, joined by his wife,

Chester Crawford, and Zary Crawford, joined by his wife, Reba Crawford, hereinafter called the 'heirs,' which terms shall include the legal representatives, heirs and assigns of said parties.

"WITNESSES:

"That, Whereas, T. A. Crawford, during his lifetime, owned and resided on approximately one hundred and twenty (120) acres of land in Bradford County, Florida, about four miles Northwest of Starke, on the Starke and Raiford Road, and

"*Whereas*, T. A. Crawford died, leaving as his widow, Sydney Crawford, and twelve children, and,

"*Whereas,* the said Sydney Crawford thereafter died, leaving said estate to said twelve children, and

"*Whereas,* Lonnie Crawford, one of said children, is apparently not interested in said estate, but his interest is claimed by the Liquidator of the Bradford County State Bank, and

"*Whereas,* said Liquidator has brought a suit for partition of said property against said remaining heirs in the Circuit Court in and for Bradford County, Florida, in Chancery, and said property is now being advertised for sale under final decree in said suit on the 1st Monday in April, A. D. 1932, and

"*Whereas,* all of said heirs who are now interested in said estate desire to bid at said sale and to constitute said E. L. CRAWFORD their trustee and representative for said purpose, and

"*Whereas,* said parties do further desire that if the said E. L. Crawford shall be the successful bidder at said sale to give him absolute power and authority to manage said property as owner and at the same time protect him for any

sums of money which he may be required to advance at the said sale or thereafter, and at the same time try to salvage something for all of said heirs out of said sale and to cooperate to these ends;

"Now, THEREFORE, it is hereby stipulated, covenanted and agreed between the parties, hereto, as follows:

"(1) That the said heirs, joined by their wives and husbands, wherever the same exist, do hereby constitute and appoint said E. L. CRAWFORD as their representative and trustee to bid at said sale up to such amount as he shall see fit and proper and in adjusting the purchase price and payment therefor to use their distributive interests in said estate as provided by the final decree and in said suit, or otherwise, and to do all the things in and about said sale for them and in their name or in his name as fully as if they could do if they were present, hereby giving him, the said E. L. Crawford, a full and complete power of attorney for all of said purposes.

"(2) It is further stipulated and agreed by and between the parties hereto that if the said E. L. Crawford shall be the successful bidder at said sale, that the said heirs shall have one year from date hereof, within which to pay to said E. L. Crawford their proportionate part of all costs, expenses or purchase price, court costs, attorney's fees and management in and about said property and hereunder, it being understood and agreed that all sums so advanced by said E. L. Crawford shall bear eight per cent. (8%) interest per annum from the date of the advance until paid, provided, that any heir who is now not of age shall have one year after he is twenty-one.

"(3) If any of said heirs shall not pay to said E. L. Crawford their proportionate share of said costs and expenses as provided in the preceding paragraph hereof and

elsewhere herein within the time so limited, their interests shall thereupon be forfeited and terminated and said E. L. Crawford shall hold any said interest which thêy might have absolute and for his own account, without further liability to said heir, it being the purpose of this instrument to give each of such heirs such time as hereinabove limited to pay for their said interest, but no more time. More time as is fit.

"(4) In the event said E. L. Crawford shall become the successful bidder at said sale, he shall be and he is hereby authorized and empowered to manage and control said property as fully and completely as if he were absolute owner, with full power and authority to rent the same for whatever in his judgment and on such terms as he shall think proper, to pay the taxes, keep up insurance, make improvements and repairs and do all other things as in his judgment shall seem best, without accountability to anyone. Any and all sums with interest thereon, which the said E. L. Crawford may be required to advance in and about the payment of taxes, upkeep and repairs, attorney's fees, court costs, or otherwise, in and about the protection and management of said property shall be added to and considered a part of the original cost thereof, and the heirs shall be required to pay their proportionate share thereof, as herein provided.

"(5) If any of said heirs should die before having fully paid their proportionate share of the sums herein provided, his interest or prospective interest, shall lapse and terminate unless his legal representatives or heirs should within thirty (30) days thereafter make full and complete payment to said E. L. Crawford.

"(6) Any and all forfeitures, lapses and defaults made by any of said heirs hereunder shall inure to the benefit of said E. L. Crawford, and not to the said heirs.

"(7) It is understood and agreed that no one of said heirs shall have any interest, right or title which he can sell to any third party or stranger, without first giving the first refusal of any *bona fide* offer he may have to the other heirs, in writing, and giving them a reasonable time to refuse said offer in writing, or to purchase same upon the same terms said stranger offers for said interest.

"(8) The said E. L. Crawford shall have power and authority to sell and convey said property at any time a majority in interest agree to the purchase price, the purpose of this being that whereas it is expected that there will be eleven shares or shareholders in said property and some may acquire more shares than one, and that such voting shall be by shares and not by individuals; provided, however, that if those that are not willing to accept such sale price, desire to purchase the said property upon the same terms they shall be given the first refusal thereof.

"(9) It is specifically understood that if any of the parties herein named sign this agreement, it becomes effective and binding as to them, and if any neglect, fail and refuse to sign it, the contract is nevertheless binding as to those who have signed, but those who so neglect, fail and refuse to sign shall have no interest or obligations hereunder."

Pursuant to that agreement E. L. Crawford bought in the lands at the Commissioners Sale and Commissioners Deed was made to him. A copy of the agreement between the parties whereby E. L. Crawford was made Trustee for the eleven heirs who desired to acquire the property and a copy of the Commissioners Deed to E. L. Crawford were each attached to and made a part of the bill of complaint.

The bill of complaint alleges that the complainant ac-

quired the interest of T. C. Crawford, one of the heirs of T. A. Crawford, by purchase of the conveyance. He claims that Zary Crawford, Ollie Crawford Lewis, Chlorie Crawford Baxley, Spencer Crawford, Milton Crawford, Snada Crawford Hughes, Ara Crawford Wildes have forfeited to him their interest in the estate.

The trust agreement shows upon its face that E. L. Crawford took title from the Commissioners in the former partition suit as Trustee for the parties named in that agreement; that the title was taken in his name without him being designated in the Commissioners Deed as Trustee; that the title was taken in his name for the purpose of securing advances made and to be made and that such advances were specifically named in and limited by the trust agreement. Under the terms of the trust agreement and the deed made pursuant thereto, the two instruments, as between the parties at the time of the execution being *sui juris,* constituted a mortgage for the security of the advances made and to be made (Sec. 3836 R. G. L., 5724 C. G. L.). The provisions in the agreement for forfeiture without process of law were not effective to cut off the right of redemption.

The allegations of the bill of complaint are sufficient to show that E. L. Crawford acquired the legal ttitle to a one-eleventh (1/11) interest in the lands by purchase, but while he continued to act as Trustee for others for the purpose of holding the title to the lands for their benefit, he could not assume as an individual and in his own right a position antagonistic to that of his *cestui que trustant.* That a Trustee cannot so act is too elementary to require citation of authority.

It, therefore, follows that while E. L. Crawford holds the title to the lands in trust subject to redemption by his *cestui que trustant* upon the payment of advances made by

him within the terms of the trust agreement, he cannot proceed in partition upon a title to an undivided interest acquired while he occupied the status of such Trustee and thereby adversely affect the right of the remaining *cestui que trustant* to redeem.

The bill of complaint should have been dismissed without prejudice to the complainant to prosecute foreclosure of such valid lien as he may have to enforce the payment of such advances as may have been made by him within the terms of the trust agreement.

The order appealed from is reversed with directions that an order be entered not inconsistent with the views herein expressed.

So ordered.

Reversed with directions.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN, J., concur in the opinion and judgment.

CHAPMAN, J., dissents.

CHAPMAN, J. (dissenting).—This cause is before the Court on appeal from an order overruling a motion to dismiss a bill of complaint in a partition suit. The question for determination is, as I see it, are the allegations of the bill of complaint sufficient to comply with Section 4997, Comp. Gen. Laws of Florida, viz.:

"Such bill must be sworn to by one or more of the complainants, and shall set forth a description of the lands or premises of which partition is prayed, by metes and bounds or other sufficient description, and shall state according to the best of the knowledge and belief of the complainants the names and places of residence of the several owners, joint tenants, tenants in common or coparceners, or other persons interested in said lands or real estate, the quantity

or proportionate share held by each, and such other matters, if any, as may be necessary to enable the court to adjudicate fully upon the rights and interests of the parties. But if the names, residence, quantity of interest or proportionate share of any of the owners or claimants of such lands are unknown to the complainants, then it shall be so stated in such bill, and such suit may proceed in the same manner as though such unknown persons or defendants were named in the bill."

The sworn bill of complaint states the names, ages and places of residence of all the parties. The land sought to be partitioned is described as the SW¼ of NE¼ and SW¼ of SW¼ and NW¼ of SE¼ of Section 12, Tp. 6 South, Range 21 East, containing 120 acres, more or less, and located in Bradford County, Florida. The following allegations appear:

"That the complainant as an heir of T. A. Crawford, deceased, inherited 1/12 interest in and to the hereinbefore described lands and after the purchase of the lands at the Commissioners Sale above mentioned he had a 1/11 interest in and to the above described lands; after the forfeiture and default by the defendants, Zary Crawford, Ollie Crawford Lewis, Chlorie Crawford Baxley, Spencer Crawford, Melton Crawford, Snada Crawford Hughes, Ara. Crawford Wildes and Delia Crawford, and the purchase from the conveyance by T. C. Crawford to complainant the complainant claims 8/11 interest and a partial interest in 2/11 of interests which belonged to Ara Crawford Wildes and Dell Crawford, respectively; the said Odom Crawford owns a 1/11 interest subject to be forfeited by default in payment to the complainant within one year from April 12th, 1936."

The prayer of the bill is for an adjudication of the re-

spective interests of the parties in and to the lands and that a decree of partition on final hearing be entered.

While the bill of complaint cannot be considered as a model of good pleading, but considering the requirements of Section 4997, *supra,* and the allegations as appear in the bill, it seems that there is substantial compliance with the statute. See: Camp Phosphate Co. v. Anderson, 48 Fla. 226, 37 Sou. Rep. 722, 111 Am. St. Rep. 77.

The bill of complaint recites in addition to the above allegations an agreement between some of the parties to the suit about the lands in question and a copy of the agreement is attached, and by appropriate allegation made a part thereof. The complainant is required to establish the material allegations of the bill of complaint, and whether he relies on the signed agreement or other evidence is not material at this time and no doubt the Chancellor below entertained this exact idea in so far as it applies to this suit.

I am forced to the conclusion that the bill of complaint contained sufficient allegations to support a decree for partition and the order overruling the motion to dismiss was proper. The order appealed from should be affirmed.