490 So.2d 1271 (1986)
Alfred S. BARNHART, III, J. Scott Barnhart, Jerome C. Barnhart, and Jennifer Barnhart Thompson, Appellants,
v.
Betty P. Barnhart HOVDE, Individually and As Trustee of the 1978 Barnhart Trust Agreement, Maxwell C. Boales and G. Larry Sims, Appellees.
No. 85-326.
District Court of Appeal of Florida, Fifth District.
May 22, 1986.
Rehearing Denied July 15, 1986.
*1272 Isham W. Adams and Garrett L. Briggs of Adams & Briggs, Daytona Beach, for appellants.
Henry P. Duffett of Duffett, Seps & Akers, Daytona Beach, for appellee Betty P. Barnhart Hovde.
G. Larry Sims of Black, Crotty, Sims, Hubka, Burnett & Samuels, Daytona Beach, for appellees Maxwell C. Boales and G. Larry Sims.
DAUKSCH, Judge.
This is an appeal from a judgment in a declaratory relief action. In a trust established by agreement pursuant to a marriage dissolution settlement, appellee Hovde was named the trustee for the beneficiaries, who are her stepchildren. They are also the children of the trustor, and appellants here. The beneficiaries appeal from the judgment which established court approval of the sale of the only asset of the trust, an apartment complex. The purported approval was done after the sale had been consummated. The trustee breached her duties by violating the terms of the trust and section 737.403(2), Florida Statutes (1983), which requires court approval before a sale of the trust asset. Appellee was a trustee who had interests which definitely conflicted with those of her beneficiaries and the sale of the asset resulted in a benefit to her and a detriment to the appellants. The court erred in approving the misconduct of the trustee so we reverse the judgment and remand this matter for further proceedings consistent herewith.
REVERSED and REMANDED.
COWART, J., concurs.
SHARP, J., dissents with opinion.
SHARP, Judge, dissenting.
I dissent because I do not believe the decision of the trial court was erroneous.
Section 737.403, Florida Statutes (1983) does not contain a provision requiring that a conveyance be rescinded as void merely because a trustee has not obtained prior court approval. It does require the trustee to obtain court authorization. However, where the actions of a trustee are in the best interest of the beneficiaries, subsequent court approval, after review of the trustee's actions, should be sufficient to cure failure to get prior approval. § 737.403(2), Fla. Stat. (1983); cf. Mills v. Ball, 380 So.2d 1134 (Fla. 1st DCA 1980); Pratt v. Lavender, 319 So.2d 88 (Fla. 2d DCA 1975).
After a full hearing, the trial judge in this case found that he would have approved the sale of the property, had the trustee requested it before the sale. He also found that the price and terms of the sale were fair and equitable to all parties and should be confirmed. A trial judge's findings of fact and conclusions of law *1273 come to the appellate court with a presumption of correctness and should not be disturbed unless they are clearly erroneous. Zinger v. Gattis, 382 So.2d 379 (Fla. 5th DCA 1980).
The record in this case supports his findings. There was evidence to the effect that the net earnings of the apartment complex were very small, and may not have been sufficient to pay the mortgage off and make needed capital improvements. Therefore, there was a possibility that the trust asset could be lost to foreclosure or diminish in value if it were not sold. I would affirm.