624 So.2d 1146 (1993)
James F. RAY, Appellant/Cross-Appellee,
v.
Lynda Y. RAY, Appellee/Cross-Appellant.
No. 92-2570.
District Court of Appeal of Florida, First District.
September 14, 1993.
Rehearing Denied October 25, 1993.
Michael T. Webster, Shalimar, for appellant, cross-appellee.
Louis K. Rosenbloum and David H. Levin, of Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A., Pensacola, for appellee, cross-appellant.
ERVIN, Judge.
In this appeal from a final judgment of dissolution of marriage, appellant/cross-appellee, James F. Ray, raises three issues on direct appeal, and appellee/cross-appellant, Lynda Y. Ray, brings one issue on cross-appeal. Mr. Ray contends that the trial court erred (1) by failing to find that $70,000 he borrowed from Mrs. Ray was a marital liability and, consequently, in not equitably distributing the same; (2) by awarding Mrs. Ray a disproportionate share of the marital assets and awarding him all the marital liabilities; and (3) by placing a lien on nonmarital property he jointly owns with his brother and mother in order to secure the $70,000 debt owed by him to Mrs. Ray, on the ground that the lower court had no authority to impress a lien on real property jointly owned with non-parties. On cross-appeal, Mrs. Ray urges that the trial court erred by failing to award her a special equity in the marital home. We reverse as to the first three issues raised by Mr. Ray, affirm Mrs. Ray's issue on cross-appeal, and remand for further proceedings.
The parties were married on June 10, 1963, and had two adult children at the time the petition for dissolution was filed in 1991. Mr. Ray owns and works a family farm with his brother and mother. Mrs. Ray is employed as a school teacher, although for many years during the marriage she remained at home to care for the parties' two daughters. Basically, the only issue tried *1147 below was the equitable distribution of six parcels of property owned by the parties, two loans, one for $70,000 and the other for $56,000, and a life insurance policy on Mr. Ray's life.
In reaching our disposition of the issues, we acknowledge, once again, that it is the trial court's function, as trier of fact, to determine whether the property owned by the spouses, either jointly or solely, is marital or nonmarital, and, if the record contains competent, substantial evidence (CSE) to support the trial court's findings in this regard, those findings should be affirmed. Tunderman v. Lee, 585 So.2d 354, 356 (Fla. 2d DCA 1991) (CSE supported finding that money husband received from his father and aunt was marital property). We find CSE to support the trial court's determinations regarding the six parcels of real property and the insurance policy;[1] however, we conclude that the trial court erred in determining that the $70,000 and $56,000 loans were not marital liabilities, and, therefore, not subject to equitable distribution.
As for the $70,000 loan, the evidence was undisputed that Mrs. Ray received an inheritance from her father's estate in February 1987; that Mr. Ray requested a $10,000 loan from her in April 1987 and a $60,000 loan in December 1987; and that Mrs. Ray loaned Mr. Ray those sums from her inheritance. The use of these loans is, however, disputed. Mrs. Ray testified that her husband asked for the loans for the farm; Mr. Ray testified that $50,000 was used to repay the loans incurred as a result of the family's overspending when the farm's profits decreased and that the balance was applied toward farm expenses. It was the trial court's function to resolve the conflicting evidence, and we find no error in the determination that the $70,000 was used for farm expenses.
We do, however, find error in the trial court's legal determination that the $70,000 sum was not a marital liability. In so saying, we recognize that the $70,000 loan came from Mrs. Ray's inherited funds, and that Section 61.075(3)(b)(2), Florida Statutes (1989), provides that "[a]ssets acquired separately by either party by noninterspousal gift, bequest, devise, or descent, and assets acquired in exchange for such assets" are nonmarital property. We also recognize that section 61.075(3)(a)(1) provides that "liabilities incurred during the marriage, individually by either spouse or jointly by them" are marital liabilities. As applied to the facts at bar, namely, application of separately owned assets to a debt which benefits a separately owned business and, incidentally, the marital relationship as well, subsections (3)(a)(1) and (3)(b)(2) appear to be inconsistent with one another. We note, however, that both subsections were enacted during the same legislative session and relate to the general subject of what types of assets or liabilities are susceptible to equitable distribution. See Ch. 88-97, Laws of Fla. Statutes so passed should be considered in pari materia in order to harmonize them, if possible, for the purpose of giving effect to the legislative intent. State v. Nourse, 340 So.2d 966, 968 (Fla. 3d DCA 1976).
In our judgment, the above provisions were intended simply to codify preexisting decisional law involving the same subject matter. Compare Crapps v. Crapps, 501 So.2d 661, 663-64 (Fla. 1st DCA) (income derived from timber acreage owned by the husband prior to the marriage, or acquired by gift during the marriage and assets acquired from said income were subject to equitable distribution, because husband devoted considerable time during marriage to cultivating the property), review denied, 511 So.2d 297 (Fla. 1987). Accord Sanders v. Sanders, 547 So.2d 1014, 1015 (Fla. 1st DCA 1989); Bowen v. Bowen, 543 So.2d 1284, 1286 (Fla. 2d DCA 1989) (on rehearing); Buttner v. Buttner, 484 So.2d 1265, 1266-67 (Fla. 4th DCA), review denied, 494 So.2d 1149 (Fla. 1986).
In the case at bar, although the farm Mr. Ray owned and worked was his separate property, he used the income that he derived therefrom to support the family. The $70,000 *1148 Mrs. Ray loaned him for the farm was used to keep the farm operating and supply Mr. Ray with an income for the benefit of the family. Mr. Ray thus legally and beneficially incurred the loan for the benefit of both parties during their marriage, and the loan therefore should have been found to be a marital liability, which, of course, would be subject to equitable distribution. See Deas v. Deas, 592 So.2d 1221 (Fla. 1st DCA 1992) (trial court erroneously treated liabilities husband solely incurred during marriage as husband's separate debt, because evidence did not show that liabilities were incurred for any reason that would preclude them from being considered marital).
The same theory applies to the $56,000 indebtedness secured by three parcels of land which the trial judge found to be marital property. That loan, for which both parties are obligated, was used to finance the farm. It was legally and beneficially incurred by both parties for their benefit during the marriage, and it also should have been found to be a marital liability, subject to equitable distribution.
We reverse as well the equitable lien which the trial court imposed on certain nonmarital property the former husband owns with his brother and mother for the purpose of securing the $70,000 debt. The rule is clear that the trial court does not have jurisdiction to adjudicate property rights of nonparties. Labato v. Labato, 433 So.2d 620 (Fla. 4th DCA 1983); McCready v. McCready, 356 So.2d 337 (Fla. 4th DCA), cert. denied, 364 So.2d 887 (Fla. 1978).
As for Mrs. Ray's cross-appeal, there was no dispute that the marital home, which was acquired by gift to both spouses from Mr. Ray's parents and from marital assets, and which the parties held as tenants by the entireties, was marital property. Mrs. Ray claimed a special equity in this property, however, by virtue of a room addition and driveway improvement that she paid for with inherited funds. Prior to the enactment of Section 61.075(3)(a)(5), Florida Statutes (1989), a spouse was entitled to a special equity if the spouse could establish that he or she had paid for the property, or a part thereof, from a source not connected with the marriage. Upon the enactment of this statute, however, the burden of proving that no gift was intended is placed upon the party claiming the special equity. Robertson v. Robertson, 593 So.2d 491, 494 (Fla. 1991). Although Mrs. Ray proved that her inherited funds were used to pay for the addition and the driveway, she presented no evidence that she did not intend those payments to be considered gifts. Therefore, the court properly denied her claim for a special equity in the marital home.
Having determined that the trial court erred in regard to three of the issues raised, we reverse in part and remand this case for further proceedings consistent with this decision. On remand, the court must reconsider the entire equitable distribution scheme in order to do equity between the parties. See Young v. Young, 606 So.2d 1267, 1270 (Fla. 1st DCA 1992); Sweeney v. Sweeney, 583 So.2d 398, 399 (Fla. 1st DCA 1991); McMahan v. McMahan, 567 So.2d 976, 980 (Fla. 1st DCA 1990).
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.
MINER, J., and SHIVERS, Senior Judge, concur.
NOTES
[1] Regarding the condominium in Destin, we note that Mr. Ray's position at the final hearing was that it was purchased with Mrs. Ray's inherited funds; therefore, she should receive it, even though it was jointly titled.