BOOTH, Judge.
This cause is before us on appeal from a final judgment of dissolution of marriage, in which the trial court ruled that the parties owned the marital home as tenants in common, and granted Former Wife equity in the home.
This case turns on whether the deed at issue effectively transferred a joint interest in the home to Former Husband and Former Wife. The parties agree that in 1989, Former Husband and his first wife (not Former Wife in the present case) deeded the property to Former Husband’s mother, who never recorded the deed. The parties also agree that in 1993, Former Wife altered the deed by “whiting out” Former Husband’s mother’s name as grantee and replacing it with the parties’ names. Former Wife then caused the altered deed to be recorded.
*63 Here, the parties’ stories diverge. Former Husband alleges that Former Wife altered and recorded the deed without his knowledge or consent in order to covertly procure a joint interest in the property. Former Wife alleges to the contrary that she altered and recorded the deed with the full knowledge and consent of Former Husband, his mother, and his sister (who had originally notarized the deed) in order to save having to pay documentary stamps twice (i.e., once to record the deed transferring the property to Former Husband’s mother, and again to record the deed transferring the property from Former Husband’s mother to Former Husband and Former Wife).
However, even under Former Wife’s version of events, the altered deed was ineffective to convey any joint interest in the property to Former Husband and Former Wife. See generally 19 Fla. Jur.2d Deeds § 12 (1980)(‘With respect to the legal requisites of a deed, it must indicate who is granting the property, to whom it is granted, and what the property is.”); id. at § 99 (“Any alteration of the deed by erasure or substitution of the name of the grantee is a material alteration and forgery ... [and] is absolutely void and wholly ineffectual to pass title-”).
Indeed, it appears on the record before us that title may still lie in Former Husband’s mother,[1] who was not a party to the divorce proceedings and whose property, therefore, was not subject to the trial court’s jurisdiction or disposition. See Ray v. Ray, 624 So.2d 1146, 1148 (Fla. 1st DCA 1993)(“The rule is clear that the trial court [in a divorce proceeding] does not have jurisdiction to adjudicate property rights of non-parties.”).
Accordingly, we reverse and remand with directions that the trial court revisit the equitable distribution scheme without regard to the subject property.
REVERSED AND REMANDED WITH DIRECTIONS.
JOANOS and WOLF, JJ., concur.

. See generally 19 Fla.Jur. 2d Deeds § 20 (1980) ("The recording of a deed is not essential to its validity ....”); id. at § 87 ("The delivery of a complete deed executed by a grantor who had title to the land invests the grantee with title, and thereafter the deed is important solely as evidence that the grantee was so invested with title. Thus ... the grantee is not divested of his title by loss of the deed or by its destruction.” (footnotes omitted)).