684 So.2d 210 (1996)
Charles N. KEYE, Appellant,
v.
Gary B. GAUTIER, Appellee.
No. 96-466.
District Court of Appeal of Florida, Third District.
November 13, 1996.
Rehearing Denied January 8, 1997.
Alan J. Pollock, Deerfield Beach, Lawrence & Daniels and Adam H. Lawrence, Miami, for appellant.
A.P. Walter, Jr., Coral Gables, for appellee.
Before SCHWARTZ, C.J., and LEVY and SHEVIN, JJ.
PER CURIAM.
Charles N. Keye ("Keye"), the trustee of the Gautier Family Trust ("trust"), appeals a final summary judgment in favor of Gary B. Gautier ("Gautier"), a beneficiary of the trust. The trial court found that Keye, as trustee, failed to comply with the provisions of the trust by mismanaging and misappropriating trust funds for his own benefit. We affirm.
On July 1, 1976, Redmond Gautier, Jr. established family trusts for the use and primary benefit of his children, Gary B. Gautier and Vicki Fogg ("Fogg"). The trust corpus was comprised of shares of Tampa Electric Company ("TECO") common stock and shares of International Telephone and Telegraph Corporation. The trust corpus was shared equally by two trusts for the benefit of Gautier and Fogg. In 1992, Keye became the successor trustee to both trusts.
Since the TECO stock was yielding a low return, Gautier told Keye to seek a higher return on the trust assets. As a result, Keye sold the TECO stock and reinvested the funds from the sale into a loan to Keye which was to be secured with a mortgage on the KGL building, which was owned by Keye and his wife. On April 2, 1993, Keye and his wife executed a twenty-five year mortgage and promissory note, at seven and one-half percent interest, in the amount of $275,000.
The mortgage document reflected Keye and his wife, Susan Keye, as mortgagors and indicated Keye, acting as trustee, as the mortgagee of the subject property. However, Keye failed to identify the Gautier Family Trust as a mortgagee. The mortgage only listed Keye as a trustee, as the mortgagee of the mortgage, without specifying for which trust Keye served as a trustee. In essence, the mortgage was merely a mortgage from Keye to himself, without any protection afforded to the Gautier Family Trust. Keye also failed to name the trust as a named insured on KGL building's insurance policy and, furthermore, failed to attach a copy of the trust agreement in question to the mortgage. On September 28, 1993, Keye recorded the mortgage.
*211 On July 25, 1994, Gautier sued Keye alleging that Keye had breached his fiduciary duty by misappropriating trust assets in the amount of $275,000.[1] The trial court denied both Gautier and Keye's motions for summary judgment. After discovery, both sides again filed motions for summary judgment. On January 26, 1996, the trial court granted Gautier's motion for summary judgment as to liability, finding that Keye had failed to comply with trust provisions, and, furthermore, that he had mismanaged and misappropriated trust funds.
We affirm the lower court's summary judgment finding Keye had breached his fiduciary duty as trustee by mismanaging and misappropriating trust funds for his own benefit. Section 737.403(2) requires a trustee to seek approval from a court for the exercise of a trust power when it conflicts with the trustee's individual interest. In the instant case, Keye lent funds from the trust corpus to himself, without naming the trust on the mortgage document, thereby leaving the trust without a means to foreclose upon the property should Keye have defaulted upon his mortgage obligation.
When Keye permitted the trust to make a loan from the trust to himself, for his own benefit, without providing the trust with a means of recourse if Keye defaulted upon his mortgage, he violated section 737.403(2), by not receiving express authorization from a court before engaging in this type of self-dealing. The public policy of this State, as articulated in numerous court decisions, frowns upon a trustee using trust funds for his own benefit and, as a result of this action, placing these trust funds unnecessarily at risk. See Crawford v. Crawford, 129 Fla. 746, 176 So. 838 (Fla.1937); Jungbluth v. American Bank & Trust Co., 101 Fla. 289, 134 So. 618 (Fla.1931); Bailey v. Leatherman, 615 So.2d 810 (Fla. 3d DCA 1993); Barnhart v. Hovde, 490 So.2d 1271 (Fla. 5th DCA), review denied, 500 So.2d 543 (Fla. 1986); Centrust Savings Bank v. Barnett Banks Trust Co., 483 So.2d 867 (Fla. 5th DCA 1986); Shriner v. Dyer, 462 So.2d 1122 (Fla. 4th DCA 1984).
When a trustee loans trust funds to himself, the transaction deserves special scrutiny due to the conflicting interests that a trustee has as a representative of the trust and as a debtor. These conflicting interests make it nearly impossible for a trustee's estimation regarding the adequacy of the security offered in exchange for the loan of trust funds to himself, for his own benefit, to be impartial. See George Gleason Bogert & George Taylor Bogert, The Law of Trusts and Trustees, § 453(J) (2d ed. 1993).
Affirmed.
NOTES
[1] Fogg, the other beneficiary, did not join Gautier in the action against Keye.