779 So.2d 375 (2000)
Stuart Alan MINSKY, Appellant,
v.
Julie Marie MINSKY, Appellee.
No. 2D98-1612.
District Court of Appeal of Florida, Second District.
May 24, 2000.
Rehearing Denied July 31, 2000.
*376 Jane H. Grossman of Law Offices of Jane H. Grossman, St. Petersburg, for Appellant.
Karol K. Williams and Allison M. Perry of Law Office of Karol K. Williams, P.A., Tampa, for Appellee.
DANAHY, PAUL W., (Senior) Judge.
Stuart Minsky (the husband) appeals from a final judgment of dissolution of marriage and challenges the trial court's rulings regarding (1) the valuation of the marital portion of the workers' compensation settlement that Julie Minsky (the wife) received; (2) the equitable distribution of assets designated in trust for the parties' minor children; and (3) attorney's fees. We affirm the trial court's ruling regarding the workers' compensation settlement valuation; however, we reverse the determination that the trust funds are a marital asset and the resulting equitable distribution and ruling on attorney's fees.
The parties married in 1981 and have two minor children. The wife sustained a back injury in a work-related accident in 1993 and accepted a workers' compensation settlement in December 1995, the same month the parties separated. The husband filed his petition for dissolution of marriage in March 1996, and the trial court rendered its final judgment on April 13, 1998.
First, we address the husband's challenge to the trial court's valuation of $5,250 as the marital portion of the wife's workers' compensation settlement. Based on the evidence before the trial court, the marital portion could range from zero dollars to a maximum of $10,800. We conclude that the trial court did not err in determining that $5,250 was the marital portion of the award, and we affirm the trial court's valuation of this asset.
Next, we address the husband's challenge to the trial court's ruling that trust funds for the benefit of the parties' children had become marital assets subject to equitable distribution. The husband's father died in 1992, and his will left a share of his estate in trust for the parties' children. The husband, as trustee, opened a bank account and invested some of the trust funds in stocks and bonds. These accounts, referred to in the final judgment as the NationsBank and Dean Witter accounts, are titled as "Stuart's Descendant Trust," and the husband is listed as the trustee. As reflected in the final judgment, the two accounts were valued at approximately $28,000.
During a period of financial difficulty during the marriage, the parties borrowed over $7,000 from the children's funds and later repaid the money to the trust. The trial court determined that, because the parties had used the trust accounts as *377 marital funds, the funds had "taken on the nature of a marital asset." In its equitable distribution, the trial court awarded the NationsBank and Dean Witter accounts to the wife.
The trial court erred in characterizing the trust funds as marital assets. The court, in effect, dissolved the trust created for the children's benefit and declared it a marital asset. The husband cannot convert his children's trust funds into marital assets by misusing his position as trustee. "[A] trustee cannot use trust property or his relation to it for his personal advantage." Jungbluth v. American Bank & Trust Co., 101 Fla. 289, 292, 134 So. 618, 619 (1931); see Keye v. Gautier, 684 So.2d 210 (Fla. 3d DCA 1996) (holding that trustee mismanaged and misappropriated trust funds by loaning trust funds to himself without court approval). The children, who are the beneficiaries of the trust, have not been represented in this action.
In this dissolution action, the trial court does not have jurisdiction to adjudicate property rights of nonparties. See Ray v. Ray, 624 So.2d 1146 (Fla. 1st DCA 1993) (reversing equitable lien the trial court imposed on nonmarital property the husband owned jointly with his brother and mother). We reverse the trial court's determination that the trust funds are a marital asset subject to equitable distribution. Because this will affect the entire equitable distribution scheme, the trial court on remand should consider the equitable distribution anew. See Ray, 624 So.2d at 1148.
Based on our disposition reversing the equitable distribution, we also reverse the trial court's determination on attorney's fees and direct the court to reconsider the fees issue after fashioning a new equitable distribution. We note for the purposes of remand that the trial court found that the wife had a need for payment of attorney's fees, but the husband did not have a present ability to pay. The court then reserved jurisdiction to require the husband to pay attorney's fees if he ever acquires the ability to pay. We recognize that "any attempt to defer consideration of attorney's fees into the indefinite future was ineffectual," and that the trial court must consider "the parties' relative ability to obtain counsel at the time of the proceeding in question." Mishoe v. Mishoe, 591 So.2d 1100, 1101 (Fla. 1st DCA 1992).
Affirmed in part, reversed in part, and remanded.
FULMER, A.C.J., and DAVIS, J., Concur.