PER CURIAM.
The plaintiff landlord sued for the rent on an apartment for the balance of the term after the death of the tenants. The personal representative proved a settlement agreement entered into prior to the institution of this suit. Although the existence of the settlement was controverted, the court found that the settlement was, in fact, made and that it acted as a novation of the contract. The final judgment for the plaintiff was for the amount specified in the settlement agreement. In addition, the court allowed the plaintiff an attorney’s fee ' pursuant to an agreement in the lease. The plaintiff appealed and urged as error the refusal of the trial court to apply the Florida Rules of Probate and Guardianship Procedure to the trial of the cause. We find no error and affirm the judgment upon the merits.
The defendant has cross-appealed and urges as error that portion of the final judgment allowing an attorney’s fee to the plaintiff. Without reaching the question of the plaintiff’s entitlement to an attorney’s fee, we hold that the award must be reversed upon authority of the rule set forth in Flournoy v. Smith, 84 Fla. 553, 94 So. 503 (1922); Lee v. Gilbert, Silverstein and Hellman, 350 So.2d 1147 (Fla. 3d DCA 1977); and Lyle v. Lyle, 167 So.2d 256 (Fla. 2d DCA 1964).
The judgment is affirmed except for that portion allowing an attorney’s fee to the plaintiff, which is reversed.
Affirmed in part and reversed in part.