390 So.2d 1231 (1980)
Isaac FELDMAN, Appellant,
v.
Zena K. FELDMAN, Appellee.
No. 80-62.
District Court of Appeal of Florida, Third District.
December 9, 1980.
*1232 Weintraub, Weintraub, Seiden, Dudley & Press and Albert L. Weintraub, Miami, for appellant.
Markus & Winter and Laurie S. Silvers, Miami, for appellee.
Before HUBBART, C.J., and BASKIN and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
The portions of the final judgment of dissolution of marriage which awarded attorneys' fees in the amount of $10,000 to the wife, Zena Feldman, and ordered Isaac Feldman to transfer to Zena twenty-six per cent of the operating capital of American Men's Wear Clothing Company, Inc., are reversed upon holdings that (1) the failure of the wife to offer expert testimony to establish the reasonableness of the attorneys' fees vitiates the award, Alexander Muss & Sons, Inc. v. Nelson, 366 So.2d 532 (Fla. 3d DCA 1979); Wilson v. Wilson, 362 So.2d 1030 (Fla. 3d DCA 1978); Segal v. Segal, 353 So.2d 894 (Fla. 3d DCA 1977); Lee v. Gilbert, Silverstein & Hellman, P.A., 350 So.2d 1147 (Fla. 3d DCA 1977); (2) the trial court, although well within its authority to order, as it did, the husband to transfer to the wife stock owned by him in American Men's Wear Clothing Company, Inc., was not empowered to order the transfer of the assets of a corporation which was not a party to the litigation, see Couture v. Couture, 307 So.2d 194 (Fla. 3d DCA 1975).
Since the wife's failure to offer expert testimony on the reasonableness of attorneys' fees may have resulted from the trial court's premature award of such fees, we remand this cause with directions that the wife be afforded an opportunity to present such testimony at a further hearing before the trial court. In all other respects, the final judgment of dissolution is affirmed.
Affirmed in part; reversed in part and remanded.