458 So.2d 839 (1984)
Howard E. GOOD, Appellant,
v.
Rita A. GOOD, Appellee.
No. 84-153.
District Court of Appeal of Florida, Second District.
November 7, 1984.
*840 Hallard J. Greer, St. Petersburg, for appellant.
Allen P. Allweiss, St. Petersburg, for appellee.
OTT, Judge.
The husband in this dissolution of marriage action appeals the award to the wife of a special equity in real property owned by a closely held corporation in which the husband owns a majority of the shares of stock. We reverse.
The evidence shows that the parties were married over forty years. Both parties worked throughout the marriage and pooled their earnings, investing in real estate which, at the time of the dissolution, consisted of six separate parcels, all of which were jointly owned by the parties. The trial court ordered the parties to sell this jointly owned property, now owned by the parties as tenants in common, and divide the proceeds equally.
This appeal concerns a seventh parcel of realty, the "warehouse property," owned by Howard E. Good and Associates, Inc., a Florida corporation, and the proceeds of a fire insurance policy already paid or due to be paid to the corporation as a result of a fire on the warehouse property. The husband owns approximately 500 shares of stock in this closely held corporation, his father owns ten shares, and the wife owns ten shares. The warehouse property was purchased in 1972. It had been leased to the husband, and until the fire he operated a junk/antique business on the premises. The wife did not work in this business. She operated a separate real estate business. Apparently, the parties had also jointly owned and operated a restaurant and lounge.
The wife testified on direct examination that she thought the warehouse property was owned jointly by the parties, that the corporation owned the "business," and that she was surprised to discover, shortly after instituting the dissolution proceedings, that the property was in fact owned by the corporation. She further testified that joint funds of the parties were used to make the down payment of $13,600 on the property. On cross-examination, the wife, with some prodding, further testified that she was the real estate broker or salesperson who handled the purchase/sale of the warehouse property, prepared the purchase contract showing the corporation as purchaser, and held the earnest money as escrow agent pending the seller's acceptance of the contract. She also conceded that title was taken in the corporation for tax advantages and that while she held stock in *841 the corporation she never performed any work for it or for the husband's personal junk/antique business. The husband made the lease payments to the corporation which, in turn, made the mortgage payments on the property.
The trial court found that the wife was entitled to a "special equity" interest of one-half of the warehouse property by virtue of her "financial contributions" (presumably based upon one-half of the down payment of $13,600). The court thereupon directed the husband to transfer a one-half interest in this property to the wife and that in the absence of such a conveyance the judgment was to act as such conveyance. The court also awarded the wife one-half of the total fire insurance proceeds payable on the fire loss.
The corporation was not a party to the dissolution action nor was there any evidence or finding that the corporation was a sham or alter ego of the husband. Consequently, the trial court had no authority to order transfer of assets owned by the corporation. Feldman v. Feldman, 390 So.2d 1231 (Fla. 3d DCA 1980). That portion of the final judgment awarding the wife a one-half interest in the corporation's real property and fire insurance proceeds is therefore vacated and set aside. We point out, however, that the evidence utterly fails to even suggest that the wife made any "financial contributions" from any funds generated outside the marriage. Consequently, there is no basis for an award of a "special equity" in the husband's stock or other individually owned property.
Conceivably, in effecting an equitable distribution of marital assets, the court might have awarded the wife some equitable portion of the husband's corporate stock or of his interest in other marital assets. See Greer v. Greer, 438 So.2d 535 (Fla. 2d DCA 1983).
Eliminating the one-half interest in the warehouse property and fire insurance proceeds substantially modifies the distribution of marital assets of the parties after dissolution. Therefore, we vacate all provisions of the final judgment dealing solely with the distribution of the marital assets and remand to the trial judge for such modification as he may find necessary to achieve an equitable distribution thereof under the facts of this case and this opinion.
REVERSED IN PART and REMANDED for proceedings consistent herewith.
BOARDMAN, A.C.J., and SCHEB, J., concur.