CAMPBELL, Acting Chief Judge.
Appellant appeals the trial court’s division of property in a dissolution of marriage proceeding. Appellant raises five points on appeal and we affirm on all five points, finding that the trial judge properly exercised his discretion based upon the evidence presented. One point warrants discussion.
Appellant and appellee each owned forty-nine shares of stock of a corporation they formed in 1964, to operate a dress shop. Appellant’s sister owned two shares of stock. Appellee managed and operated the dress shop. Appellant’s forty-nine shares were awarded to the wife, and appellant does not contest that award. Appellant does contest that portion of the final judgment which provided:
WALTER R. WEEKS shall immediately transfer to CHARLOTTE L. WEEKS all of the assets of said dress shop, including all bank accounts and monies. All the monies in Tres Chic, Inc. accounts shall immediately be transferred to CHARLOTTE L. WEEKS, or arrangements should be made with the bank to void his signatory power on said accounts and establish signatory power in CHARLOTTE L. WEEKS.
Appellant argues that since the trial court did not have jurisdiction of the corporation or appellant’s sister, the third stockholder, it had no power to order the assets of the corporation transferred to appellee. Feldman v. Feldman, 390 So.2d 1231 (Fla. 3d DCA 1980); Couture v. Couture, 307 So.2d 194 (Fla. 3d DCA 1975). We agree with the principle of law for which Feld-man and Couture are cited, however, after a careful reading of the above-quoted provision of the final judgment, we conclude that it does not attempt to improperly dispose of assets of the corporation. We construe that provision of the final judgment as simply a requirement for appellant to transfer to appellee, as the principal stockholder and manager of the corporation, whatever assets of the corporation that might be in his possession or control. We. do not construe the provision as conveying title to the assets to appellee, but merely effectuating a physical transfer to appellee as principal stockholder for the benefit of the corporation.
We, therefore, affirm the judgment below.
SCHOONOVER and LEHAN, JJ., concur.