DANAHY, Judge.
Appellant, Howard E. Good, seeks review of an amended final judgment for dissolution of marriage entered after remand from this court. We reverse and remand with directions.
In Good v. Good, 458 So.2d 839, 841 (Fla. 2d DCA 1984), we said:
Conceivably, in effecting an equitable distribution of marital assets, the court might have awarded the wife some equitable portion of the husband’s corporate stock or of his interest in other marital assets.
Pursuant to that directive, the trial court in paragraph 3 of the amended final judgment provided:
3. Pursuant to the opinion of the Second District Court of Appeal wherein it stated “conceivably, in effecting an equitable distribution of marital assets, the Court might have awarded the wife some equitable portion of the husband’s corporate stock, which stock interest represents a 100% interest in said corporation,” the Court awards to the wife as lump sum alimony, and to achieve an equitable distribution of the assets of the parties, fifty per cent. (50%) of the capital stock of Howard Good & Associates, Inc. The Husband is hereby directed to transfer to the wife fifty per cent. (50%) of his stock holdings in said corporation so that the wife will be a fifty per cent. (50%) owner of said eorp.
The record is clear, as stated by this court in its prior opinion, that, at the time of the final hearing, “[t]he husband owns approximately 500 shares of stock in this closely held corporation, his father owns ten shares, and the wife owns ten shares.” Id. at 840. Therefore, it is apparent that the trial judge, when making his award, mistakenly believed that the husband owned a 100% interest in the corporation. On this record, we are unable to ascertain what the intent of the trial judge would be had he predicated the award of stock to the wife on the correct existing ownership of the corporation. Accordingly, we again reverse and remand the amended final judgment which otherwise fairly distributed the parties’ assets. On remand, the trial judge is directed to further consider the award of corporate stock in light of the ownership interests that presently exist.
RYDER, C.J., and FRANK, JJ., concur.