SMITH, Judge.
The wife in this dissolution proceeding appeals an order striking from her counter-petition for dissolution several corporations joined as defendants. Finding no error in the trial court’s order, we affirm.
In her counterpetition, the wife alleges a special equity in the husband’s various business enterprises on the grounds that she contributed funds from a source unconnected with the marriage, and also contributed much time and effort in running these businesses for which she was never paid any remuneration. She also sought injunc-tive relief, requesting the court to enjoin the corporations from selling, transferring or disposing of any assets in excess of $100 without first accounting to her, and securing her approval.
It is true that the trial court has no power to order a transfer of corporate assets without joinder of the corporation. Feldman v. Feldman, 390 So.2d 1231 (Fla. 3d DCA 1980); Couture v. Couture, 307 So.2d 194 (Fla. 3d DCA 1975). Nevertheless, even when the corporation is not a party to the dissolution proceeding, the trial court can award the wife a special equity in the husband’s interest in the corporation *487 by awarding the wife an equitable portion of the husband’s corporate stock. Good v. Good, 458 So.2d 839, 841 (Fla. 2d DCA 1984); Feldman v. Feldman, 390 So.2d at 1232.
The wife’s counterpetition does not allege a special equity in any corporate property[1] but merely alleges a claim against the husband’s stock ownership in the corporations. Lack of jurisdiction over the corporations would not prevent the trial court from awarding the wife the husband’s interest in them if justified. Further, the trial court may preclude the husband's disposal of assets over which he exercises exclusive control, without the necessity of joining the various corporations as parties.
The cases relied upon by the wife for joinder are distinguishable. In Rosenberg v. North American Biologicals, Inc., 413 So.2d 435 (Fla. 3d DCA 1982), the wife alleged in her complaint that the corporate defendant had illegally watered down the wife’s stock ownership in the defendant corporation in favor of the husband. If these allegations were true, the wife was entitled to relief against the corporation. Contrarily, the wife’s counterpetition in this case states no cause of action against the corporations, nor does it seek specific relief against them. In Hoecker v. Hoecker, 426 So.2d 1191 (Fla. 4th DCA 1983), unlike the case before us, the husband owned all of the stock of the respondent corporation and the evidence showed a complete blending of the personal and corporate property, so much so that the husband testified that he and the corporation were one and the same. Here, the trial judge correctly determined that the wife’s general allegations of a special equity in the husband’s business enterprises do not justify joinder of the corporations.
The trial court’s order finding that these corporations were improperly joined is AFFIRMED.
BOOTH, C.J., and WENTWORTH, J., concur.

. Although one paragraph of the counterpetition alleges that the wife had an interest in an automobile titled in the name of one of the husband’s corporations, this particular automobile has since been sold and was replaced with an automobile titled in the husband’s name. Even if the car had remained titled in the corporate name, the court could order the husband to provide the wife with equivalent transportation if justified without necessitating joinder of the corporation.