SHARP, Judge,
dissenting in part.
In my view, the whole of this opinion should be affirmed pursuant to the dictates of Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980) and Firestone v. Firestone, 263 So.2d 223 (Fla.1972). The trial court may have erred in failing to properly label the award of the one-quarter interest in the sailboat to the former wife. However, an erroneous label, where another theory would justify the award, merits an affirmance.[1]
In this case, the record supports the trial judge’s conclusion that both parties started and operated a taxi cab company, and the wife’s work efforts entitled her to a one-quarter ownership interest in the business.[2] The evidence also clearly established in this case that the sailboat was purchased with *664 funds from the company. Title was taken in the parties’ joint names and both signed the obligation for purchase. The downpayment and the monthly installment payments were paid out of the company’s business account.
The court found the parties did not intend the wife to have an ownership interest in the sailboat, despite considerable evidence to the contrary. However, since the boat was acquired by the funds and income of a business in which the trial court found the wife owned a one-quarter interest, it awarded her a proportionate one-quarter interest in the boat. There is logic and a factual basis for this award. It should be affirmed.

. Duncan v. Duncan, 379 So.2d 949 (Fla.1980); Firestone v. Firestone, 263 So.2d 223 (Fla.1972).

. Good v. Good, 458 So.2d 839 (Fla. 2d DCA 1984) (a court may award the wife a portion of the husband’s corporate stock); Feldman v. Feldman, 390 So.2d 1231 (Fla. 3rd DCA 1980) (proper to order transfer of stock in business owned by husband to wife).