960 So.2d 9 (2007)
Mario TALUCCI, Appellant,
v.
Sara L. MATTHEWS, as Personal Representative of the Estate of Terence J. Matthews, M.D., Appellees.
No. 4D05-4557.
District Court of Appeal of Florida, Fourth District.
January 24, 2007.
Rehearing Denied March 21, 2007.
Donald Feldman of Donald Feldman, P.A., Tamarac, for appellant.
Beverly Pohl and John Gillespie, Jr., of Broad & Cassel, Fort Lauderdale, for appellee.
PER CURIAM.
Affirmed.
STONE, FARMER and MAY, JJ., concur.

ON MOTION FOR REHEARING AND REQUEST FOR WRITTEN OPINION
PER CURIAM.
The default on liability obtained by plaintiff against defendant in this personal injury, medical malpractice action did not have the effect of making defendant necessarily liable as a matter of law for all damages claimed by plaintiff. For more than a century it has been the law in Florida that a defaulted defendant has the right to contest the amount of unliquidated damages and may offer evidence in mitigation thereof. See Watson v. Seat, 8 Fla. 446 (1859) (default admits nothing more than plaintiff's right to recover on the cause of action, but defendant has the right to controvert the amount of damages).
This principle has been followed by the courts on several occasions. See, e.g., Russ v. Gilbert, 19 Fla. 54 (1882) (when defendant defaults he confesses right of recovery on cause of action, but he may contest the amount of damages); Wilhelm v. South Indian River Co., 98 Fla. 970, 124 So. 729, 731 (1929) (after default in tort action defendant has right to offer proof and be heard on question of damages); Pan American World Airways v. Gregory, 96 So.2d 669, 672 (Fla. 3d DCA 1957) ("It has long been established that after default in a tort action, the defendant has a right to put in proof and to be heard upon the question of damages."). The right to contest unliquidated damages in any negligence action encompasses the right to challenge the causal relationship between the damages claimed and the liability established by the default.
Plaintiff's motion for rehearing is denied.
STONE, FARMER and MAY, JJ., concur.