984 So.2d 612 (2008)
Fred R. RIES, Appellant,
v.
Laurie Jo RIES, Appellee.
No. 4D07-1489.
District Court of Appeal of Florida, Fourth District.
June 11, 2008.
Stephen R. Koons and Carmine D. Gigliotti, Melbourne, for appellant.
Matthew S. Nugent and Adam M. Zborowski of Law Offices of Matthew S. Nugent, North Palm Beach, for appellee.
MAY, J.
The effect of a default entered in a dissolution proceeding is questioned in this appeal. The former husband appeals the *613 final judgment of dissolution. He argues the trial court erred in prohibiting him from presenting evidence and arguing his position on issues of alimony, fees, child support, and equitable distribution. We find no error and affirm.
The former wife filed a verified petition for dissolution of marriage, in which she sought shared parental responsibility, designation as the primary residential parent, child support, alimony, equitable distribution, and attorney's fees. The former wife moved for, and the clerk entered, a default after the former husband failed to file a responsive pleading.
The former wife then filed a temporary relief agreement, which the trial court approved. The trial court then set a trial date, and the former husband appeared through counsel. The court ordered the parties to pre-trial mediation, which resulted in an impasse.
At the final hearing, the former husband appeared with counsel. However, there was no effort to set aside the default, file a financial affidavit, or respond to discovery. As a result, the trial court found that the former husband had either waived or was estopped from presenting evidence on the contested issues of equitable distribution, alimony, and attorney's fees.
In an amended final judgment of dissolution, the trial court awarded shared parental responsibility, with primary residential responsibility to the former wife. Because the former husband was incarcerated, the trial court reserved jurisdiction on the issues of child support and visitation until he was released. The trial court equitably distributed the property, providing 52.5% to the former wife and 47.5% to the former husband, and the difference in the percentages was awarded to the former wife as lump sum alimony. The trial court denied the former wife's request for attorney's fees.
The former husband contends that the default should not have prohibited him from introducing evidence of marital property valuations, attorney's fees, and child support because those items are akin to unliquidated damages.[1] The former wife responds that alimony and equitable distribution are treated as liquidated damages in dissolution proceedings. She also argues that the former husband's failure to participate in discovery prevents him from making this argument. And lastly, the former husband failed to make a proffer and has therefore failed to preserve the issue.
There is no question that "a defaulted defendant has the right to contest the amount of unliquidated damages and may offer evidence in mitigation thereof." Talucci v. Matthews, 960 So.2d 9, 10 (Fla. 4th DCA 2007). In fact, Rule 12.440(a), Florida Family Law Rules of Procedure, and Rule 1.440(c), Florida Rules of Civil Procedure, specifically provide for notice and an opportunity for the defaulted party to be heard on unliquidated damages. See Mourning v. Ballast Nedam Constr., Inc., 964 So.2d 889, 892 (Fla. 4th DCA 2007). However, it is equally clear that the trial court possesses discretion to sanction a party for non-compliance with the rules. Mercer v. Raine, 443 So.2d 944 (Fla.1983).
Sanctions for discovery violations in family law cases are governed by Rule 1.380, Florida Rules of Civil Procedure. Fla. Fam. L.R.P. 12.380. We have previously affirmed the imposition of sanctions, e.g., striking pleadings when a party failed to answer interrogatories. See Fearns v. Fearns, 336 So.2d 1263, 1263-64 (Fla. 4th *614 DCA 1976) (Downey, J., concurring specially). Because the former husband never moved to set aside the default, did not file a financial affidavit, and failed to respond to discovery, the trial court found that he had either waived or was estopped from presenting evidence "regarding equitable distribution, alimony, and attorney's fees." We find no abuse of discretion in the trial court's actions here. Ham v. Dunmire, 891 So.2d 492, 495 (Fla.2004).
Affirmed.
POLEN and GROSS, JJ., concur.
NOTES
[1] As the trial court did not award attorney's fees and reserved jurisdiction on child support and visitation, these aspects of the final judgment of dissolution are non-issues.