CASANUEVA, Judge.
Martin Ehman, the Husband, appeals a final judgment dissolving his marriage to Melanie Ehman, the Wife, contending that the trial court erred in four material respects. First, he argues that the trial court erred in awarding three properties to the Wife as part of the equitable distribution of marital assets, because the titled owner of the property was never made a party to the dissolution action. The next two claimed errors are that the trial court erred in failing to make the statutory findings required for an award of permanent alimony and in failing to make necessary findings regarding the value of the marital assets and debts. Finally, the Husband contends that the trial court erred in striking his pleadings and entering a default against him.
We find no reversible error in the Husband’s last three arguments. See Wilcox v. Munoz, 35 So.3d 136, 139 (Fla. 2d DCA 2010) (“[I]n cases involving equitable distribution and alimony, this court has held that the lack of a transcript precludes a party from establishing that any error in failing to make the required findings was harmful.”). Nevertheless, because we conclude that the trial court erred in awarding the three properties to the Wife, on remand the trial court will again have to address the equitable distribution of the parties’ assets and the amount of alimony awarded to the Wife.
I. PROCEDURAL HISTORY
The parties were married on October 10, 1998, and the Wife filed a petition for dissolution of marriage on January 26, 2011. When the Husband failed to file any pleading in the case for three months, the Wife filed a motion for default on April 27, 2011. Thereafter on June 7, 2011, the Husband filed a motion to set aside the default and dismiss the petition, and the *8 trial court set aside the default on June 28, 2011.
On January 25, 2012, the Wife filed a motion asking the trial court to strike the Husband’s pleadings and to enter a judicial default. The motion was based on the Husband’s failure to attend a mediation and two depositions and his failure to provide a litany of documents in discovery. On April 5, 2012, the trial court denied the Wife’s motion but ordered the Husband to either produce certain documents requested in discovery within thirty days or provide written proof that he attempted to obtain the documents.
On July 30, 2012, the Wife filed another motion asking the trial court to strike the Husband’s pleadings based on his failure to provide discovery documents or proof that he requested the documents. On September 10, 2012, the trial court granted the Wife’s motion, struck the Husband’s pleadings, and entered a judicial default against him. Thereafter, a final default hearing took place on October 30, 2012, and the trial court entered the final judgment of dissolution of marriage on October 30, 2012. There is no transcript of the final default hearing.
II. EQUITABLE DISTRIBUTION OF PROPERTY
The final judgment awarded the Wife three properties that belonged to Tierra Technologies, LLC: a condominium located in Ogden, Utah; a home in Palmetto, Florida; and a mobile home which appears to be located in Bradenton, Florida. This was improper because Tierra Technologies has never been a party in the dissolution proceedings.
A similar situation arose concerning the award of a Mercedes automobile in a marital distribution scheme in Keller v. Keller, 521 So.2d 273 (Fla. 5th DCA 1988). In reviewing this award the Fifth District said:
The problem with the award of the Mercedes is that it was owned by a corporation in which the appellant owned 87% of the stock, not by the appellant himself. This corporation was not joined as a party and, thus, the trial court had no power to transfer this corporate asset.
Id. at 276 (citing Feldman v. Feldman, 390 So.2d 1231 (Fla. 3d DCA 1980)).
Here, Tierra Technologies was never brought in as a party to this dissolution proceeding, and the trial court did not have the power or authority to transfer the property of a corporation without the join-der of that entity. See Mathes v. Mathes, 91 So.3d 207, 208 (Fla. 2d DCA 2012); see also Minsky v. Minsky, 779 So.2d 375, 377 (Fla. 2d DCA 2000) (“In this dissolution action, the trial court does not have jurisdiction to adjudicate property rights of nonparties.”); cf. Austin v. Austin, 120 So.3d 669, 674 (Fla. 1st DCA 2013) (“[A] trial court has the power to value and distribute corporate stock determined to be a marital asset.” (citing Mathes, 91 So.3d at 208)). Consequently, because the trial court did not have jurisdiction over Tierra Technologies, it was error to award property owned by Tierra Technologies to the Wife as part of the equitable distribution of marital assets.
We note a procedural concern that arose in this case. Following the default against the Husband, the Wife filed a “Notice of Final Default Hearing.” This proceeding should have been treated as a nonjury trial. Florida Family Law Rule of Procedure 12.440(a) states that the trial court must enter an order setting the dissolution action for trial, even where a default has been entered against a party. Because this issue was not preserved, we do not reach it. But we note that the failure to comply with rule 12.440(a) could result in a *9 reversal. See Merrigan v. Merrigan, 947 So.2d 668, 670 (Fla. 2d DCA 2007).
On remand, because the default was properly entered against the Husband, all well-pleaded facts are deemed admitted and relief specifically prayed for is acquiesced to. See Baricchi v. Barry, 2014 WL 185203, 39 Fla. L. Weekly D170, D171 (Fla. 2d DCA Jan. 17, 2014) (citing Longo v. Longo, 576 So.2d 402, 403 (Fla. 2d DCA 1991)). Thus, the Wife’s entitlement to equitable distribution and alimony were conceded by the Husband, but the amount of alimony and the form of equitable distribution must be determined by the trial court. See id.; cf. Ries v. Ries, 984 So.2d 612, 614 (Fla. 4th DCA 2008) (finding no abuse of discretion where trial court prohibited former husband from presenting evidence as to alimony, equitable distribution, and attorney’s fees where default had been entered and former husband failed to respond to discovery and did not file financial affidavit).

CONCLUSION

Accordingly, we reverse the award of the property titled in the name of Tierra Technologies to the Wife. Because the three properties were an essential component of the equitable distribution award, upon remand the trial court must address both alimony and equitable distribution. See Prest v. Tracy, 749 So.2d 538, 540 (Fla. 2d DCA 2000) (“Because the trial court must address the equitable distribution of property on remand and because the distribution may affect the award of permanent periodic alimony, we also reverse the award of permanent periodic alimony and remand for reconsideration by the trial court.”). We remind the trial court that it will be required to again make findings pursuant to sections 61.08(2) and 61.075(3), Florida Statutes (2011). See Turcotte v. Turcotte, 122 So.3d 954, 957 (Fla. 2d DCA 2013); Patino v. Patino, 122 So.3d 961, 963 (Fla. 4th DCA 2013). We do not set aside the trial court’s judgment dissolving the parties’ marriage.
Affirmed in part, reversed in part, and remanded with instructions.
KELLY and MORRIS, JJ., Concur.