IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

BENJAMIN BUCHANAN, Father,

      Appellant,

v.

KRISTIN BUCHANAN, Mother,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-4492

Opinion filed September 13, 2017.

An appeal from the Circuit Court for Nassau County.
Robert M. Foster, Judge.

Gary Baker of Baker & Rhodes, Attorneys at Law, Callahan, for Appellant.

Alexa K. Alvarez of Alvarez & Wallace, P.A., Fernandina Beach, for Appellee.

PER CURIAM.

Appellant, the Husband in a pending dissolution action, appeals the trial court's temporary support order. The order requires Husband to pay child support and to continue paying family and household expenses, as he had been doing voluntarily, and requires the company in which he is a partner to continue paying his wife a weekly stipend. We remand the trial court's order requiring Husband to

continue paying these family and household expenses. We reverse the portion of the award requiring the Husband's company to continue paying Wife's stipend.

Although awards of temporary alimony are within a trial court's broad discretion, the record must contain competent, substantial evidence that demonstrates the receiving spouse's need for support and the paying spouse's ability to pay. *de Gutierrez v. Gutierrez*, 19 So. 3d 1110, 1112-13 (Fla. 2d DCA 2009); *Driscoll v. Driscoll*, 915 So. 2d 771, 773 (Fla. 2d DCA 2005). If an award is in excess of a party's ability to pay, then it is not supported by competent, substantial evidence, and a trial court abuses its discretion by ordering such an award. *Hotaling v. Hotaling*, 962 So. 2d 1048, 1051 (Fla. 2d DCA 2007).

In its Order on Wife's Petition for Temporary Needs and Faculties, the trial court found that since the parties' separation, Husband had been paying the mortgage, electricity and cable on the marital home, the insurance for the parties' vehicles, Wife's car payment, and loan payments on the parties' camper and motorcycle. The trial court ordered that Husband continue to pay these expenses, along with $250 per week for support of the parties' minor children. The trial court also ordered Husband's company, where he is a partner, to continue paying the Wife a "salary" of $135.64 per week. At the hearing on Wife's petition, Wife testified she did not perform any work for the company in exchange for the salary.

The trial court, however, did not make a specific finding as to Husband's

2

ability to pay. The evidence and testimony was conflicting: Husband's financial affidavit stated a net monthly income of $4,023.08 and a gross annual income in 2015 of $57,200; at the hearing, Wife testified that Husband earned that amount, and Husband and Wife both testified that Husband's income was $1,100 per week, however, Husband also testified his income was "[s]eventy-two annually."

Additionally, the trial court did not make a specific finding as to the specific amounts for the expenses Husband was required to continue paying, and Husband's and Wife's financial affidavits differ materially in stating each party's income and the amounts of household expenses. Husband's financial affidavit lists "Monthly mortgage or rent" of $2,591.46, yet under "Liabilities" he lists "Suntrust (mortgage)" of $1,396.46. Wife's financial affidavit lists the mortgage payment as $1,259.45 per month, yet she testified that Husband had been paying the mortgage since their separation, which she estimated was $1,400.

"In determining whether to award alimony or maintenance, the court shall first make a specific factual determination as to whether either party has an actual need for alimony or maintenance and whether either party has the ability to pay alimony or maintenance." § 61.08(2) Fla. Stat. (2016). Where the basis for an award is reasonably clear and supported by the record, an appellate court should not reverse for absence of statutory findings in the written order. *Broadfoot v. Broadfoot,* 791 So. 2d 584, 585 (Fla. 3d DCA 2001). Here, the trial court's lack of

3

statutory findings frustrates appellate review because the record indicates differing claims as to Husband's net income and the amount of support needed, making it impossible to determine on appeal whether the award is within Husband's ability to pay. Husband and Wife continue to argue two different values as to Husband's income and the amount of support owed. Depending on the facts, the trial court's award may be within Husband's ability to pay and thus within the trial court's discretion to award, or in excess of Husband's ability to pay and thus an abuse of the trial court's discretion to award. We remand to the trial court for a specific factual determination as to the amount of Wife's need, Husband's ability to pay, and any other factors described in section 61.08, Florida Statutes, to establish a basis for the award.

Regarding the trial court's order that Husband's company continue to pay Wife's salary, Husband's company has not been joined as a party to the dissolution action, and "the trial court has no power to order a transfer of corporate assets without joinder of the corporation." *Ashourian. v. Ashourian*, 483 So. 2d 486 (Fla. 1st DCA 1986); *see also Minsky v. Minsky*, 779 So. 2d 375, 377 (Fla. 2d DCA 2000) (holding that in dissolution action, "the trial court does not have jurisdiction to adjudicate property rights of nonparties"). While the trial court has the authority to distribute a spouse's interest in company stock, it does not have the authority to distribute assets of the non-joined company itself. *See Mathes v. Mathes*, 91

4

So. 3d 207, 208 (Fla. 2d DCA 2012); *Minsky*, 779 So. 2d at 377; *Ashourian*, 483 So. 2d at 486-87.

Appellate courts have expanded the rule barring transfer of non-party corporate assets to also bar transfer of assets owned by non-party limited liability companies. *Ehman v. Ehman*, 156 So. 3d 7, 8 (Fla. 2d DCA 2014) (holding it was "error to award property owned by [Husband's limited liability company] to the Wife as part of the equitable distribution of marital assets"). Here, Husband's company, from which Wife receives a stipend, is a limited liability company. The trial court had no authority to order a non-party company to pay a salary to someone who does not work for that company, and the trial court erred by doing so.

We therefore remand to the trial court for a specific factual determination as to Wife's need and Husband's ability to pay, and any other relevant factors under section 61.08, Florida Statutes, to establish a basis for the award. We reverse the portion of the award requiring Husband's company to continue paying Wife a stipend.

REVERSED and REMANDED.

B.L. THOMAS, C.J., and LEWIS and ROWE, JJ., CONCUR.