# Third District Court of Appeal
## State of Florida

Opinion filed July 20, 2022.
Not final until disposition of timely filed motion for rehearing.

————————

No. 3D21-2451
Lower Tribunal No. 19-16957

————————

**Marguerite Malek,**
Appellant,

vs.

**Pierre Marc Malek, et al.,**
Appellees.

————————

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Jason E. Dimitris, Judge.

Crabtree & Auslander, LLC, and Charles M. Auslander, John G. Crabtree and Brian C. Tackenberg; and Paul A. McKenna & Associates, P.A. and Paul A. McKenna, for appellant.

Nancy A. Hass, P.A. and Nancy A. Hass (Fort Lauderdale), for appellee Pierre Marc Malek; Marcos D. Jimenez, P.A., and Marcos Daniel Jiménez; and León Cosgrove, LLP and Jordi C. Martínez-Cid, for appellee Kymed Ltd.

Before FERNANDEZ, C.J., and HENDON and LOBREE, JJ.

HENDON, J.

Marguerite Malek ("Mrs. Malek") seeks to reverse a non-final order compelling arbitration between herself and appellee Kymed Ltd., ("Kymed"). We reverse.

On January 6, 2020, Mrs. Malek filed for dissolution of marriage to Dr. Pierre Marc Malek ("Dr. Malek"). The parties were married in 1972 and separated in 2017. Mrs. Malek named the couple's adult son, Loris Malek ("Loris"), and Kymed, a company incorporated in the British Virgin Islands, as third-party defendants. Kymed owns five properties in Florida, and Mrs. Malek claims to be an owner of Kymed together with her son Loris.[1] Mrs. Malek brought five claims for partition of each of the five properties in the trial court.

The parties have actively contested the ownership of Kymed.[2] Dr. Malek claimed he was the sole owner and shareholder of Kymed and submitted documents to support his assertion. In February 2020, Mrs.

---

[1] Kymed owns five real properties located in Key Biscayne and Mount Dora, Florida the total value of which is approximately seven million dollars. Loris agreed with Mrs. Malek's claims as set forth in the second amended petition for dissolution.

[2] During the contentious dissolution proceedings, Dr. Malek was found to have been disruptive and uncooperative, to the extent that the trial court entered a default against him, and denied his motion to set aside the default.

Malek sought sanctions against Dr. Malek for spoliation of evidence, alleging that after the dissolution papers were filed, Dr. Malek backdated Kymed's corporate records to show himself as the sole owner. Mrs. Malek supported her contention with forensic evidence submitted to the court. Mrs. Malek contends that on August 4, 2000, she and Loris were formally appointed sole directors and shareholders of Kymed, and submitted documentation in support. After a hearing on the matter, the court granted Mrs. Malek's motion for sanctions against Dr. Malek, and barred him from submitting evidence as to his claimed ownership of Kymed. The trial court did not make any legal conclusions as to ownership of Kymed, but found that Mrs. Malek was entitled to favorable presumptions as to her claimed ownership of Kymed and its assets. The court denied Dr. Malek's motion for reconsideration and the sanction order stands.

On August 4, 2021, Dr. Malek filed a motion for a continuance of the imminent dissolution trial, alleging that at the time he argued his original motion for continuance of trial, Mrs. Malek had failed to serve Kymed or Loris after filing the Amended Petition for Dissolution naming them as defendants. On August 12, 2021, Mrs. Malek filed her notice of acceptance of service of process on Kymed via substituted service through the Florida Secretary of State.

3

In September 2021, Kymed, though counsel allegedly retained by Dr. Malek, filed a motion to compel arbitration and to stay proceedings. At the hearing on the motion to compel arbitration, the parties argued whether Kymed was to be treated as part of the marital properties for purposes of partition, or as an entity separate and distinct over which the dissolution court did not have jurisdiction.  Kymed argued that the issue of ownership had not yet been determined, during the underlying dissolution proceedings it had not yet been served, and its corporate documents provide for arbitration in the event of a dispute between itself and a shareholder. Kymed contended that arbitration was appropriate where Mrs. Malek was "trying to strip Kymed of its assets" and where there is a dispute about shares, corporate governance, and ownership. Although Mrs. Malek argued that Kymed's motion to arbitrate was a ploy by Dr. Malek to circumvent the sanction against him barring him from submitting evidence in favor of his alleged ownership of Kymed, the trial court denied the motion to stay the dissolution proceedings, and compelled arbitration.

Mrs. Malek seeks to reverse the non-final order compelling arbitration.  Our standard of review of the trial court's ruling on a motion to compel arbitration is de novo.  CT Miami, LLC v. Samsung Elecs. Latinoamerica Miami, Inc., 201 So. 3d 85, 90 (Fla. 3d DCA 2015).

4

The ownership of Kymed for purposes of the dissolution action is not an arbitrable issue. Three elements are necessary to compel arbitration: (1) whether a valid written agreement to arbitrate exists, (2) whether an arbitrable issue exists, and (3) whether the right to arbitration was waived. See Xerox Corp. v. Smartech Document Mgmt., Inc., 979 So. 2d 957, 959 (Fla. 3d DCA 2007). When those elements are met, arbitration must be compelled. See Comvest IMC Holdings, LLC v. IMC Grp., LLC, 276 So. 3d 874, 877 (Fla. 3d DCA 2019) (citing CT Miami, 201 So. 3d at 90) (holding arbitration provisions in contracts are favored by the courts and all doubts should be resolved in favor of arbitration). None of these elements exist in the current facts.

Kymed's corporate documents provide for arbitration in the event there is a dispute between Kymed and a shareholder. Kymed, however, does not have an interest in who owns it, and it has no dispute over shares or governance with the parties. Indeed, the soon-to-be ex-spouses do not have any dispute with Kymed, or Kymed with them as shareholders or putative shareholders. In its pleadings and argument Kymed does not even recognize Mrs. Malek as a shareholder such that the arbitration clause would apply. The dispute over ownership is, actually, solely a matter between Mrs. Malek and Dr. Malek in the dissolution action. Kymed is

5

properly before the court and within the court's jurisdiction to determine whether Kymed is marital or non-marital property. Identification of Kymed as a party is merely incidental to the court's jurisdiction to determine who owns the corporation.

Now that Kymed is joined as a party, the trial court has jurisdiction over it, and can adjudicate its ownership status as part of the dissolution proceedings. See Austin v. Austin, 120 So. 3d 669, 674 (Fla. 1st DCA 2013) (holding while a family-owned business is considered a marital asset subject to equitable distribution, a trial court does not have the power to order the transfer of corporate property or assets without joinder of the corporation); Ehman v. Ehman, 156 So. 3d 7, 8 (Fla. 2d DCA 2014) (holding the trial court did not have the power or authority to transfer the property of a corporation without the joinder of that entity); Feldman v. Feldman, 390 So. 2d 1231, 1232 (Fla. 3d DCA 1980) (holding the trial court, although well within its authority to order the husband to transfer to the wife stock in the company owned by him, was not empowered to order the transfer of the assets of a corporation which was not a party to the litigation). Compare, Orr v. John Couture, Inc., 345 So. 2d 394, 395 (Fla. 3d DCA 1977) ("In the prior dissolution of marriage action, in which the corporation was not a party, the wife sought to establish

6

equitable ownership in the corporation, and the trial court held the wife had no interest in the corporation. On appeal this court struck that holding and found that that those issues were not properly presented to the trial judge as the corporation was not a party to the litigation.").

On de novo review of the record on appeal, we conclude there is no arbitrable issue as between Kymed and Mrs. Malek, Dr. Malek, and Loris. The trial court has jurisdiction over the parties and can determine the ownership of Kymed for purposes of partitioning the parties' properties in the dissolution proceedings. See Apesteguy v. Keglevich, 319 So. 3d 150, 153 (Fla. 3d DCA 2021) (finding that the trial court did not abuse its discretion by determining  that property in Key Largo, Florida, ostensibly owned by the husband's corporation, was not a marital asset subject to equitable distribution). We therefore reverse the non-final order compelling arbitration and remand to the trial court for further proceedings consistent with this opinion.

Reversed and remanded.