# Third District Court of Appeal

## State of Florida

Opinion filed August 28, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1434
Lower Tribunal No. 20-3640
_____

**Armando Gutierrez,**
Appellant,

vs.

**Caridad Gutierrez,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Victoria Del Pino, Judge.

Bofill Law Group, and Jose C. Bofill, for appellant.

Carolan Family Law Firm, P.A., and Aliette H. Carolan, for appellee.

Before SCALES, MILLER, and BOKOR, JJ.

PER CURIAM.

Armando Gutierrez ("Husband") appeals a May 9, 2023 final judgment dissolving his forty-year marriage to Caridad Gutierrez ("Wife"). Husband raises several issues on appeal, but we find that one issue – the failure to join as a party the limited liability company that owns the Islamorada, Florida house that the trial court ordered be sold to pay Wife's lump-sum permanent alimony award – requires reversal.

After conducting a two-day bench trial, the trial court found that the Islamorada house, deeded from Husband to Plaza del Lugo, LLC ("LLC") in November 2012, was marital property. The trial court also found that Wife was entitled to permanent alimony[1] of $2,500 per month, based on its determination of Husband's monthly income as $5,095.83 per month. The trial court also found that Wife was entitled to a lump-sum alimony payment of $640,200, a discounted total calculated by multiplying Wife's life expectancy times her monthly permanent alimony payments. The trial court ordered the LLC, which had not been joined as a party to the dissolution proceedings, to sell the Islamorada house to pay Wife's lump-sum permanent alimony payment.

---

[1] The trial court's final judgment pre-dated the effective date of the Florida Legislature's 2023 abolition of permanent alimony.

While, on appeal, Husband challenges all of the trial court's factual findings recited above, we need not, and do not, address those findings because, as a jurisdictional matter, the trial court was without power or authority to order the LLC to sell the Islamorada house. Ehman v. Ehman, 156 So. 3d 7, 8 (Fla. 3d DCA 2014). Because the sale of the Islamorada house was an essential component of both the trial court's equitable distribution and alimony awards, we are compelled to reverse those findings as well. Ehman, 156 So. 3d at 8-9; see Nelson v. Nelson, 206 So. 3d 818, 822 (Fla. 2d DCA 2016) ("Because our decision affects the overall equitable distribution scheme, we remand with instructions for the trial court to address the equitable distribution and alimony determinations anew. We express neither an opinion as to equitable distribution upon remand nor as to entitlement, if any, to alimony upon remand. We leave those determinations to the sound discretion of the trial court. We affirm the trial court's dissolution of the parties' marriage.") (citation omitted); Feldman v. Feldman, 390 So. 2d 1231, 1232 (Fla. 3d DCA 1980) (holding that the trial court, in a dissolution of marriage proceeding, was not empowered to transfer assets of a corporation to the wife because the corporation was not a party to the proceeding).

Thus, we affirm the trial court's dissolution of the parties' marriage but reverse those portions of the final judgment of dissolution regarding the sale of the Islamorada house, equitable distribution, and permanent alimony, and remand for the trial court to conduct further proceedings it deems appropriate that are not inconsistent with this opinion.

Affirmed in part, reversed in part, and remanded with instructions.