# Third District Court of Appeal

## State of Florida

Opinion filed October 22, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-2032
Lower Tribunal No. 23-3781-FC-04
_____

**Maria Noss,**
Appellant,

vs.

**Ronald Noss,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Marcia Del Rey, Judge.

Sandy T. Fox, P.A., Sandy T. Fox, and Sara E. Ross, for appellant.

Law Offices of Kurt R. Klaus, Jr., and Kurt R. Klaus, Jr., for appellee.

Before FERNANDEZ, MILLER, and GOODEN, JJ.

MILLER, J.

In this high-conflict family case, appellant, Maria Noss, the wife, appeals from a partial final judgment dissolving her marriage to appellee, Ronald Noss, the husband. The trial court comprehensively addressed equitable distribution, child support, and timesharing in the integrated judgment, and the wife raises a myriad of issues on appeal. We summarily affirm in all respects, save discrete aspects of the equitable distribution and the child support award.[1]

## I

In 2010, the wife opened Premier Labor Solutions, Corp., a staffing agency. The parties wed two years later, and the union yielded two children. The husband worked for a short time in a secretarial capacity and then established an art installation section at Premier. All transactions, including invoicing and payroll, were conducted through Premier and its payroll servicer, FrankCrum, and the profits derived from the installations were deposited in Premier's accounts.

In 2023, the wife filed a petition for dissolution of marriage. The wife continued working at Premier, but the husband left the company and established Global Art Installation. He continued servicing many of

---

[1] We do not construe the aspects of the final judgment addressing the grandparents as mandatory but rather permissive, and we note that the trial court accounted for the payment of the husband's debts by providing a credit.

Premier's customers through his new entity, while simultaneously acquiring new clients.

The parties filed pretrial catalogues and financial affidavits in the dissolution case. The financial affidavits reflected the parties' respective gross income, deductions, net income, and nonmarital assets, along with marital assets. Both parties identified two vehicles acquired after the marriage as marital assets. The husband owned the first outright, while the second, owned by the wife, was encumbered by a substantial loan, resulting in negative equity.

The husband amended his pretrial catalogue before trial, assigning Premier a value of $10 million. The wife contended Premier's value should be measured by its annual earnings, which slightly exceeded $1 million.

Before trial, the husband moved to bifurcate the proceedings so he could obtain additional discovery bearing on Premier's value. The wife objected, and the trial court orally denied the motion.

At trial, the husband asserted that Premier was a marital asset subject to direct distribution. He could not identify Premier's specific liabilities and assets, but he provided annual revenue estimates. He conceded that he continued servicing Premier's clients through his newly founded entity, and

he purportedly accounted for that windfall by reducing Premier's actual value.

The husband attested that the two vehicles were marital assets, and he estimated that the wife owned jewelry that was "probably" worth $60,000, including her wedding ring, and another $25,000 to $30,000 in both purses and household furnishings.

The wife conversely argued Premier was a nonmarital asset. She sharply disputed the husband's estimates of annual revenue and provided testimony as to the entity's assets and liabilities. She further attested that she paid the husband's credit cards after filing for divorce, and she confirmed the financial circumstances of the vehicles.

The lower court ultimately granted bifurcation for the purpose of later valuing Premier but ordered the wife to pay the husband fifty percent of Premier's cash assets. Those assets consisted of checking and savings accounts held by the business.

The court further ordered the wife to pay half the value the husband imputed to the jewelry, purses, and furnishings, along with half of the $15,000 "[c]ash in house." The judgment was silent as to the vehicles, and child support was computed in accord with net incomes derived from an unelaborated worksheet. This appeal followed.

4

## II

### A

We review equitable distribution rulings for an abuse of discretion.  See Diaz v. Diaz, 300 So. 3d 767, 770 (Fla. 3d DCA 2020).  "A trial court's determination that an asset is marital or nonmarital involves mixed questions of law and fact.  Although we defer to the trial court's factual findings if they are supported by competent, substantial evidence, we review the trial court's legal conclusions de novo." Gromet v. Jensen, 201 So. 3d 132, 135 (Fla. 3d DCA 2015).  In the same vein, child support awards are committed to the sound discretion of the trial court, subject to "explicit factual findings concerning the actual incomes attributable to the parties, the amount and source of any imputed income, the probable and potential earnings level, and the adjustments to income." Aguirre v. Aguirre, 985 So. 2d 1203, 1207 (Fla. 4th DCA 2008).

### B

"Generally stated, equitable distribution of marital assets is a three-step process: (1) identification of marital and nonmarital assets, (2) valuation of marital assets, and (3) distribution of marital assets as statutorily prescribed." Keurst v. Keurst, 202 So. 3d 123, 127 (Fla. 2d DCA 2016) (citing § 61.075(1), (3), Fla. Stat. (2016)).  Although assets acquired by either party

prior to the marriage are nonmarital, "[t]he enhancement in value and appreciation of nonmarital assets resulting from the efforts of either party during the marriage or from the contribution to or expenditure thereon of marital funds or other forms of marital assets, or both" is marital. § 61.075(6)(a)1.b., Fla. Stat. (2024).

Efforts and improvements do "not transform the entire [nonmarital] asset into a marital asset." Martin v. Martin, 923 So. 2d 1236, 1238–39 (Fla. 1st DCA 2006). Instead, it is the "enhancement in value and appreciation which becomes a marital asset." Id. at 1239 (citation omitted).

## C

Child support determinations must conform with the guidelines set forth in section 61.30 of the Florida Statutes. The trial court is required to render specific findings as to gross and net incomes. See J.A.D. v. K.M.A., 264 So. 3d 1080, 1084 (Fla. 2d DCA 2019) (reversing judgment to make "specific findings concerning the specific numbers that it used to calculate the amount of child support").

## D

Turning to this case, the wife acquired Premier before the marriage. Hence, it was not a marital asset. But the asset appreciated during the marriage, largely because of the wife's labor. Consequently, the trial court's

6

finding that the increase in value that occurred during the marriage was subject to equitable distribution is supported by competent, substantial evidence. See Young v. Young, 606 So. 2d 1267, 1270 (Fla. 1st DCA 1992) (confirming that a trial court cannot refuse to distribute the appreciated value of a nonmarital asset improved by marital labor or funds "because the [non-owner spouse] ha[s] not established how much the improvements enhanced the value of the property"; rather the burden was on the owner spouse to prove "whether any part of the enhanced value was exempt from distribution").

The wife contends that the lower court erred in bifurcating the proceedings to allow further valuation evidence. Cognizant of the deficiencies inherent in conducting an asset-based valuation of a staffing agency, we find no abuse of discretion in the bifurcation. To the extent the trial court ordered the direct equitable distribution of Premier's corporate accounts, however, we are constrained to reverse. The assets held by the corporation were but one component in the yet-to-be-completed valuation determination, and "the trial court has no power to order a transfer of corporate assets without joinder of the corporation." Ashourian v. Ashourian, 483 So. 2d 486, 486 (Fla. 1st DCA 1986); see also Feldman v. Feldman, 390 So. 2d 1231, 1232 (Fla. 3d DCA 1980) (concluding that trial court "was not

7

empowered to order the transfer of the assets of a corporation which was not a party to the litigation"). Although the court has the authority to distribute the wife's interest in Premier, it has no authority to distribute the assets of the non-joined company itself. See Buchanan v. Buchanan, 225 So. 3d 1002, 1004 (Fla. 1st DCA 2017).

We are constrained to remand the child support award and the distribution, or lack thereof, of certain marital assets and liabilities. As to child support, the numbers reflected in the unelaborated worksheet appended to the final judgment are not tethered to the parties' financial affidavits or testimony of record. We therefore remand the award. Upon remand, the trial court must first compute gross income and then arrive at net income by accounting for authorized deductions. See Addie v. Coale, 120 So. 3d 44, 46 (Fla. 4th DCA 2013) ("[T]he trial court is required to determine the net income of each parent and . . . include adequate findings [respecting the child support award] in the final judgment.").

Lastly, there was no evidence of record concerning the $15,000 in cash in the home; and, while "an owner of property is generally qualified to testify as to the fair market value of his property," State v. Hawthorne, 573 So. 2d 330, 333 n.6 (Fla. 1991), the husband failed to describe any of the wife's jewelry, other personal items, or the parties' furnishings with any specificity

8

to support his broad, conclusory estimate.[2]  Hence, the equitable distribution of these items fails for want of competent, substantial evidence.  Accordingly, we affirm in part, reverse in part, and remand.  Upon remand, the trial court shall further equitably distribute the inadvertently omitted vehicles.

Affirmed in part; reversed in part; remanded.

---

[2] "[E]ngagement and wedding rings are gifts . . . and should not be included in the equitable distribution scheme."  Moody v. Newton, 264 So. 3d 292, 294 (Fla. 5th DCA 2019).